588 A.2d 19

**Ruth MONSKY, Appellee,**

v.

**Stephen SACKS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1990.
Filed Jan. 29, 1991.
Reargument Denied April 11, 1991.

Stanley M. Shingles, Philadelphia, for appellant.

Robert Mercadante, Churchville, for appellee.

Before McEWEN, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge.

This is an appeal from an Order requiring appellant to pay $75 per week support for his son, a full time college student.

The parties have been separated[1] since at least January of 1972, some six months after the birth of their son, Lionel. At that time appellee filed for support, and the record reveals that orders of support were entered in 1972, and again in 1974. From 1974 to the present there have been three contempt of support petitions filed against appellant. In July of 1989, appellant requested that the 1974 support order (which had not been superceded), for $50 per week and $7 per week arrearages, be vacated on the grounds that Lionel had reached the age of eighteen, had graduated from high school and was emancipated. Three weeks later appellee filed a petition to increase. At a hearing on both parties' requests, the Permanent Hearing Officer found that Lionel was a full time student in the architecture school of Tulane University, and granted appellee's petition for increase to $75 per week. This appeal followed.

■ We first note that our scope of review in support cases is narrow.

No child support order will be disturbed unless there is insufficient evidence to sustain the order or there has been an abuse of discretion by the lower court. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986). 'An abuse of discretion is not "merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." ' *Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985).

*Coffey v. Coffey*, 394 Pa.Super. 194, 196, 575 A.2d 587, 588 (1990), citing *Steenland–Parker v. Parker*, 375 Pa.Super. 457, 461, 544 A.2d 1010, 1012 (1988).

■ The scope of review is not affected by the fact that the child in question is of college age rather than a minor, and that the support is for college attendance. *Pha-*

---

1. The record does not reveal the date of the parties' divorce. Appellee has remarried, and has a son, aged approximately 13 years old, by her second husband.

*roah v. Lapes,* 391 Pa.Super. 585, 571 A.2d 1070 (1990). However, where the child involved is of college age, and both willing and able to benefit from college training, the inquiry shifts from the needs of the child to the ability of the parent to contribute to the child's education without undue hardship. *See, Leonard v. Leonard,* 353 Pa.Super. 604, 510 A.2d 827 (1986). This does not mean, however, that a parent may not be required to undergo some measure of personal sacrifice in order to fulfill his or her obligation. *Commonwealth ex rel. Hanerkam v. Hanerkam,* 221 Pa.Super. 182, 289 A.2d 742 (1972). That is the dispute herein, as appellant claims that any contribution from him at all would constitute hardship that is undue.

Appellant is fifty-one years old and since 1988 has been employed as a teaching fellow/Ph.D. candidate in political science at Temple University. Appellant has an undergraduate degree in accounting and a master's in public administration and political science, and had begun his doctorate in 1986 while employed by the University in an administrative capacity. He was awarded the fellowship when his job was terminated by departmental reorganization. Prior to that time, appellant had owned his own business, which had failed due to certain financial reverses. Before starting the business, appellant had worked for twelve years in various consulting slots for the Commonwealth of Pennsylvania. These positions ended with a change of administrations. During the intervals between periods of professional employment, appellant was employed as a sales clerk. Appellant's remuneration from his current teaching position is annualized at approximately $20,000. He also testified to receiving $2,000 for the summer as a consultant on a University project, and a state pension of $129 per month.

Appellant has no savings, and no assets save a used car, some furniture and a computer purchased in 1986. He also claims outstanding debt of between $10,000–20,000, and potential liability for surgery to repair a torn rotator cuff in his right shoulder.

Without declaring appellant's listed expenses absolutely unreasonable,[2] the Permanent Hearing Officer did question the necessity for some of them. The thrust of her findings, however, centered on appellant's putative ability to obtain part-time employment to help with his son's expenses. Appellant argues that his teaching load of nine hours per week is essentially full time, and that the work connected with these classes—preparation time, giving and grading exams—plus whatever his own degree program requires, makes additional employment impossible.

██ There is no suggestion here that appellant is somehow deliberately avoiding alternative, and more remunerative employment in order to avoid at the same time his support obligations. However, not merely actual earnings but earning capacity must be evaluated in deciding the propriety of a child support award. *Leonard, supra.* While appellant's potential is clearly greater than his current achievement, he need not be penalized for having chosen to provide himself a stable future in academia. Nevertheless, there are ways in which appellant might increase his cash flow without overburdening himself: increased summer employment leaps to mind, as does tutoring, neither of which would jeopardize the attention necessary for his doctoral program.

Appellant argues that he owes no duty of support where his income limitations are so obvious. Appellant's past record reveals that even while in (temporarily) secure employment with the Commonwealth appellant accumulated arrearages, from which it might be argued that appellant's sense of obligation to Lionel does not necessarily alter with his own financial condition.

We find from all of the foregoing that there was no abuse of discretion in the trial court's award of support.

Order affirmed.

2. Appellant has not remarried and lives by himself in an apartment.