## Pace v. Pace

*Therese Harriman,* for plaintiff.
*Peter J. Quigley,* for defendant.

O'BRIEN, *J.,* April 29, 1992—On June 28, 1991, plaintiff Doreen Pace commenced an action for support pursuant to the Uniform Reciprocal Enforcement of Support Act by filing a petition in the Family Court for the state of New York in and for the county of Richmond. The interstate complaint sought child support in the amount of $600 per month for two children, to wit Stephanie (date of birth April 28, 1977) and Joseph (date of birth April 28, 1978). The plaintiff also sought payment of arrearages in the amount of

$12,540 allegedly due and owing pursuant to a divorce decree entered in 1978 in the state of New York. Following an evidentiary hearing before the standing support master, the master recommended that the defendant pay the sum of $310 per month for the support of two children and $40 per month on account of arrearages. The defendant has filed exceptions to the recommendation of the support master challenging both his obligation on arrearages and the underlying recommendation for support. Following oral argument on April 6, 1992, the exceptions are now before the court for disposition.

Upon review of the financial information submitted by the parties and the evidentiary record of hearing, it is apparent that the master's recommendation that the defendant pay $310 per month for the support of two children is consistent with the criteria set forth by our Supreme Court in *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974), and the guidelines set forth in Pa.R.C.P. 1910.16-1. It has long been the law in Pennsylvania that not merely actual earnings but earning capacity must be evaluated in deciding the propriety of a child support award. *Minsky v. Sasks*, 403 Pa. Super. 40, 588 A.2d 19 (1991). Therefore, we conclude that the master's findings are supported by the available evidence in this case and the defendant's challenge to the amount of support to be paid currently is without merit. Further, we conclude in accordance with the provisions of Pa.R.C.P. 1910.17, the order of support should be effective from the date the plaintiff filed her complaint in her jurisdiction, to wit June 28, 1991.

However, this does not end our inquiry in this case. Plaintiff is also claiming that defendant owes in excess

of $12,000 for arrearages on support payments pursuant to a divorce decree entered in 1978. However, the defendant challenges the propriety of this court enforcing the prior order and points out that this order has never been registered under the Uniform Act. That Act provides in pertinent part as follows:

"§4539. *Registration procedure*

"(a) *General rule*—An obligee seeking to register a foreign support order in a court of this Commonwealth shall transmit to the clerk of the court:

"(1) One certified copy of the order with all modifications thereof.

"(2) One copy of the reciprocal enforcement of support law of the state in which the order was made.

"(3) A statement verified and signed by the obligee, showing the post office address of the obligee, the last known place of residence and post office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered.

"Upon receipt of these documents, the clerk of the court, without payment of a recording fee or other cost to the obligee, shall record them in the registry of foreign support orders. The recording constitutes registration under this chapter.

"(b) *Notice*—Within ten days after the registration, the clerk of the court shall send by certified or registered mail to the obligor at the address given a notice of the registration with a copy of the registered support order and the post office address of the obligee. He

shall also docket the case and notify the prosecuting attorney of his action. The prosecuting attorney shall proceed diligently to enforce the order." 23 Pa.C.S. §4539.

"§4540. *Effect and enforcement of registered order*

"(a) *Effect*—Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect, and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this Commonwealth and may be enforced and satisfied in like manner.

"(b) *Challenge to order*—The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

"(c) *Procedure*—At the hearing to enforce the registered support order, the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this Commonwealth may be stayed, the court shall stay enforcement of the order for an appropriate period if the obligor

furnishes the same security for payment of the support ordered that is required for a support order of this Commonwealth." 23 Pa.C.S. §4540.

Clearly the notice provision of the registration section and the opportunity for an obligor to challenge the provisions of the other state's order before it is given effect in this Commonwealth are essential due process components of the Uniform Act. Until such procedures are followed, we are not obligated to enforce the arrearages accumulated on the other order. In view of the plaintiff's failure to comply with the statutory provisions with respect to the arrearages, we will not enforce the arrearages accrued under the divorce decree on the basis of the present record. This ruling would not preclude the plaintiff from proceeding under the Uniform Act if she can establish that due process requirements have been met. In such event, the defendant could proceed in accordance with 23 Pa.C.S. §4540(b), (c). Therefore, the order in this case will only address the issue of support from June 28, 1991.

## ORDER

And now, April 29, 1992, it is ordered as follows:

1. Defendant Joseph Pace shall pay the sum of $310 per month for the support of two children, Stephanie and Joseph, together with a $.50 per month service charge through the Monroe County Domestic Relations Office.

2. Defendant shall pay one-half of all medical, hospital, dental, eye care and prescription expenses for the children not covered by plaintiff's insurance.

3. This order is effective June 28, 1991, and defendant shall pay the sum of $40 per month on account of arrearages accrued since that date until such arrearages are paid in full.

4. The defendant shall pay the costs of these proceedings.