609 A.2d 1381

**Darlene J. YOUNG, Appellant,**

v.

**Rańdy Willard MUTHERSBAUGH, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed June 30, 1992.

Robert F. Young, Harrisburg, for appellant.

John R. Miller, III, Bellefonte, for appellee.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from an order modifying payments made by Appellee-father to Appellant-mother in support of their two children. Appellant assigns as error the court's determination of Appellee's income, the incorrect application of the support guidelines and the failure to make the order retroactive. We vacate the order of the trial court and remand the case for proceedings consistent with this opinion.

Darlene Young and Randy Muthersbaugh were formerly married. Two children were born before the parties divorced in 1985. Both parties have remarried and Appellee has a child with his present wife and a child born prior to his marriage to the Appellant for which he pays support in the amount of $125.00 per month.

By a 1986 order, Mr. Muthersbaugh was directed to pay $235.00 per month to Appellant for the support of their two sons. On July 5, 1990, Appellant filed a Petition to Modify the Order of Support. The court, following the findings of a Domestic Relations Officer, entered a recommended order directing the Appellee to pay $330.00 per month. Appellant filed a request for a hearing de novo. The hearing, from which this appeal follows, resulted in affirmance of the recommended order.

The pre-guideline standard of review of a support order is set forth in *Straub v. Tyahla,* 274 Pa.Super. 411,

418 A.2d 472 (1980), where we held that "the trial court possesses wide discretion as to the proper amount of support payments and, unless surrounding circumstances suggest the court abused its discretion, its judgment will not be disturbed." *Id.*, 274 Pa.Superior Ct. at 413, 418 A.2d at 473. However, with the enactment of the guidelines, the trial court's decisional process has been restructured and so too has the review process. In guideline cases, we first look to determine if the court correctly computed the parties' incomes. We must next determine if the correct guideline amount was selected. Also, in cases where a trial court is asked to considered a departure from the guidelines based upon the unique needs of either the child or the obligor parent, we must examine the court's reasons for ordering departure or for refusing to take such action. If there is no error we then affirm. Within this framework we will examine Appellant's claims.

■ Appellant raises three arguments dealing with the trial court's determination of Appellee's income. First, she alleges that Appellee earns more than the claimed weekly amount. Appellee is employed full-time at Murata Erie N.A. and supplements that income by working part-time cleaning a doctor's office. Appellee recently received a raise in gross salary to $473.00 per week. The second job provides an additional $26.00 every two weeks. Although a facial review of Appellee's pay stubs seems to present a discrepancy, we must defer to the trial court's resolution of the issue based on testimony at the hearing. Sufficient evidence is present in the record to support the findings of the trial court in this regard. In addition to the testimony, there are two letters from Appellee's respective employers regarding his pay and two pay stubs from each job which tend to support the finding. Therefore, we hold that these findings were not error.

■ Second, Appellant argues in her brief that the reduction in pay from the part-time job should be ignored by the trial court. It is true that "[m]onthly gross income [from which net income is derived] is *ordinarily* based upon at

least a six-month average of all of a parties income." Pa.R.Civ.P. 1910.16–5(b). (Emphasis added). However, to ignore a reduction in the obligor's income which occurred through no fault of his own, would work an injustice to Appellee. If we were to ignore the reduction in income from the part-time job, the recent raise from the full-time employer would also have to be disregarded. Rather, we hold that sufficient evidence exists in the record to support the findings of the trial court.

■ Finally, Appellant argues that failure to add the Appellee's income tax return into his net income was an abuse of discretion. Appellee testified at the hearing that he purposely claimed no dependants for federal income tax purposes and that he receives a refund annually. In *Curtis v. Curtis*, 326 Pa.Super. 40, 473 A.2d 597 (1984), this court held that "[w]e could not permit an individual to overpay his taxes all year, and then to exclude the amount of his overpayment from calculation of that individual's income. To do so works an injustice, especially here, where Appellee testified that he has a history of receiving refunds." *Id.*, 326 Pa.Superior Ct. at 47, 473 A.2d at 601. The rule is well settled that "steps taken to reduce income for the purpose of avoiding or decreasing support are ineffective insofar as diminishment of the obligation is concerned." *Coffey v. Coffey*, 394 Pa.Super. 194, 200, 575 A.2d 587, 589 (1990). Therefore, this deliberate attempt to avoid recognition of income should have been addressed by the court below. Upon remand, the trial court should add the tax refund to Appellee's net income.

■ Next, we must address Appellant's contention that the guidelines were misapplied. The trial court calculated its order pursuant to the guideline grid for "Number of Children Equals 4" based on the fact that the instant case presents a multiple family situation. Admittedly, Appellee has an obligation to support all four of his children. However, the rule that governs the application of the guidelines states that:

The support guidelines set forth the amount of support which a spouse or parent should pay on the basis of both parties' monthly incomes and the *number of persons being supported.*

Pa.R.Civ.P. 1910.16–5(a). (Emphasis added).

The support guideline grids are essentially a matrix. One axis plots the obligor's monthly net income [1] and the other plots the income of the obligee. By using the grid with "Number of Children Equals 4," the trial court assumes that the father owes support for the other two children. The court must also assume that the mothers of the other children have no monthly net income. We think that the court has assumed too much. For these reasons, we hold that the application of the grid for "Number of Children Equals 4" was incorrect.

First, it must be stressed that "the support guidelines are a starting point only." Pa.R.Civ.P. 1910.16–5(a). The rules provide for a deviation of ten percent or less from the guideline amount without explanation. Pa.R.Civ.P. 1910.-16–4(a). Any deviation that amounts to more than ten percent must be supported by specific reasons. Pa.R.Civ.P. 1910.16–4(b). It is the latter category which may ultimately govern this case.

The court must apply the guideline grid for "Number of Children Equals 2" to determine an estimated appropriate amount of support. The court is then free to consider any relevant factors which it perceives as a special need or obligation of the parties. The rules provide for an inexhaustive list of potential factors including "other support obligations of the parties." Pa.R.Civ.P. 1910.16–5(a)(2).

Because this court can envision a variety of multiple family situations involving "other support obligations", the obligor (Appellee-father in this case) must bear the burden of proving that the other obligations exist, and are reasonable. By placing this burden on the obligor, we believe that

1. Net monthly income is defined by Pa.R.Civ.P. 1910.16–5(b).

the purposes of the guidelines will be met. Upon such a finding, the trial court is then free to make a rationally related adjustment to the guideline amount pursuant to Pa.R.Civ.P. 1910.16–4(b).

Appellant argues that the trial court erred by failing to provide an "on the record" calculation of either the *Melzer* [2] formula or the guideline amount. Because the trial court is likely to face the issue on remand, we direct its attention to this court's decision in *Ball v. Minnick*, 414 Pa.Super. 242, 606 A.2d 1181 (1992). In *Ball* this court sat en banc to determine whether the trial court's deviation from the guideline amount was an abuse of discretion. For cases which fall within the guidelines, a majority of the members of the en banc panel interpreted the guidelines to be the presumptive means for calculating a support award, replacing the need to conduct a *Melzer* analysis. Because it is undisputed that the guidelines apply to this case, upon remand the trial court is directed to determine an award based upon the guidelines that is in accordance with our previous discussion. Following *Ball*, a *Melzer* analysis is no longer necessary or required in guideline cases and any cases previously decided that permit a *Melzer* analysis in a guidelines case have been overruled. Trial courts should depart above the guidelines only when unique needs of the child are involved. Further, departures below the guidelines are permitted only when the obligor can establish unique financial needs.

The trial court failed to make its order retroactive. The rules specifically state that "an order of support shall be effective from the date of the filing of the complaint *unless the order specifies otherwise.*" Pa.R.Civ.P. 1910.-17(a). This court has held that the failure to make the award retroactive is reversible error absent justification for such a ruling. *Shovlin v. Shovlin*, 318 Pa.Super. 516, 465 A.2d 673 (1983). *See also Sutliff v. Sutliff,* 339 Pa.Super. 523, 489 A.2d 764 (1985). (Court favors the policy of

2. *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

retroactive support orders). Therefore, on remand, the trial court should determine if the order is to be retroactive to the date the modification was first sought and if the trial court specifically holds otherwise it must set forth its reasons on the record.

We vacate the order of the trial court and remand the case for proceedings consistent with this opinion.

HUDOCK, J., concurs in the result.