616 A.2d 644

**Marcia SINGLETON, Appellee,**

v.

**Wendell M. WATIES, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Sept. 23, 1992.

Reargument Denied Dec. 4, 1992.

Carol Waties, Philadelphia, for appellant.

Marcia Singleton, pro se.

Before CAVANAUGH, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

In a previous appeal to this court, Appellant sought review of a trial court order directing support for a child born in 1989 to Appellee. The parties had never married, and after Appellee filed a complaint in support and Appellant acknowledged paternity, the court held a hearing. Because Appellee was not present at the hearing, but rather was represented by the

District Attorney's office since she was receiving public assistance, the court ordered the matter remanded to the trial court for a full evidentiary hearing. The trial court was directed to conduct a proceeding in which both parties would have an opportunity to present evidence and thereafter to enter an appropriate support order. Following the hearing, the court entered an order of support in the same amount previously ordered. Appellant takes this appeal from the second order of support.

Appellant makes numerous claims on appeal. Among them are initial challenges to the manner in which the trial court conducted its hearing, received evidence and formulated its order of support.

Appellant submits that the court erred when it accepted evidence of Appellee's income and expenses but refused to again take testimony on his living expenses and when it improperly used the guideline amount to formulate the order of support, ignoring the parties income and expenses. He further claims that he should have been permitted to introduce testimony received at an earlier hearing that Appellee's parents, with whom she and the child live, provide her with some assistance and that he should have been allowed more extensive cross-examination of Appellee's father.

In *Young v. Muthersbaugh*, 415 Pa.Super. 591, 609 A.2d 1381 (1992), this court examined the impact of the *en banc* decision rendered in *Ball v. Minnick*, 414 Pa.Super. 242, 606 A.2d 1181, on a trial court's obligations to conduct *Melzer* analysis or render support decisions based upon income and expenses. The court in *Young* stated: "Following *Ball*, a *Melzer* analysis is no longer necessary or required in guideline cases and any cases previously decided that permit a *Melzer* [*v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984) ] analysis in a guidelines case have been overruled. Trial courts should depart above the guidelines only when unique needs of the child are involved. Further, departures below the guidelines are permitted only when the obligor can establish unique

financial needs." *Young v. Muthersbaugh, supra,* 415 Pa.Super. at 597, 609 A.2d at 1384.

█ Based upon these earlier decisions we can readily dismiss Appellants claim that the trial court wrongly failed to utilize a *Melzer* analysis and ignored the parties expenses. We also find no error with the court refusal to hear evidence of Appellant's living expenses in the second support hearing since Appellant does not claim that these expenses were extraordinary, which would permit a departure from the guidelines.

█ Appellant's claims regarding his limited ability to question witnesses concerning aid received by Appellee from her parents, likewise have no merit. The trial court heard testimony that Appellee and child reside with Appellee's parents, but the court refused to permit Appellant extensive cross-examination and to admit testimony received at an earlier hearing on the subject. We find no abuse of discretion on the part of the trial court and we echo its statement that "to impute income to Appellee based on the gifts and contributions Marissa receives from her maternal grandparents would effectively expand the burden of responsibility for support to include the grandparents as well as the parents." Trial court opinion at 10. With respect to the trial court's ruling limiting Appellant's questioning of Appellee's father as to whether Appellee is attending college we note that Appellee was questioned concerning this subject. She indicated that the student loans listed on her income and expense statement were incurred back when she attending college from 1981 to 1984. She also replied that she is not currently attending any institution of higher learning, such as college. (N.T. 10/2/91 at 21.) The court accepted this testimony, which Appellant did not refute, and we find no abuse of discretion by the trial court in its refusal to permit Appellant to question Appellee's father on this same issue.

We turn now to the more troubling matter of whether the trial court erred in failing to impute an income to Appellee and in stating, as termed by Appellant, "categorically that a mother is not required to seek or engage in employment until a child is five years old."

■ The trial court in its opinion did state that it "lacked authority" to order Appellee to seek employment, citing the requirements for public assistance which exempt from work a parent who personally provides care for a child under the age of six. 55 Pa.Code § 165.23(b)(2)(iv). We agree with Appellant that the trial court wrongly assumed that it did not have the power to impute income to Appellee because of the public assistance laws. The requirements for public assistance eligibility are completely unrelated to matters of support and the ability of a trial court to impute income to a parent. However we must note that the trial court's comments in this regard followed its discussion of whether it would be appropriate to impute an income to the mother of this child under the circumstances of this case, which the court refused to do. The court latter stated that "even if it had agreed with appellant's argument" it perceived itself to be bound by the laws governing public assistance. Because the trial court's misperception of its authority was only considered by it as an alternative means of disposing of Appellant's claim, we will go further and examine the ultimate question of whether the trial court erred in refusing to impute an income to mother in spite of her previous education and work experience.

Appellant points to the fact that Appellee is a college educated woman who was employed with the School District of Philadelphia prior to taking a maternity leave due to the birth of their daughter. Appellee stated that during the first two years of her maternity leave she retained her seniority within the district. She is able to stay on maternity leave for another two years after which time, if she chooses to return to this work, she will be hired before other applicants to fill a vacancy if one should exist. N.T. 10/2/92 at 21. Appellee's net pay during the period of employment with the school district was approximately $350 bi-weekly. *Id.* at 22. Pointing to these facts, Appellant argues that the trial court erred in listing Appellee's income as $0 and not imputing a monetary figure of support based upon Appellee's earning potential. He contends that the trial court's failure to take such action caused it to be presumed that he, as the child's father, must accept the

principle burden of support for the child and thus resulted in a confiscatory and punitive award.

 It is true that both parents have an equal responsibility to support their children, and the extent of their support obligation is determined by their earning capacity and ability. *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987). A trial court in determining the parents ability to pay support must primarily focus on earning capacity rather than actual earnings. *Rock v. Rock*, 385 Pa.Super. 126, 560 A.2d 199 (1989). However, a trial court is free to consider making an exception to this rule whenever a parent chooses to stay at home with a minor child. In *Hesidenz v. Carbin*, 354 Pa.Super. 610, 512 A.2d 707, 710 (1986) this court stated: "In appropriate cases, such a nurturing parent may be excused from contributing support payments." Among the proper considerations are "the age and maturity of the child, the availability of others who might assist the parent, the adequacy of available financial resources if the parent remains at home, and finally, the parent's desire to stay home and nurture the minor child." *Id.*

In the instant case the trial court concluded that it would be inappropriate to impute an income to Appellee who wished to stay out of the workforce to care for the parties 2½ year old child. The trial court supplied the following rationale for its decision:

"... the court was confronted with the fact that the child at issue, Marissa, is in ill health and that appellee is her primary caretaker. Since her birth in 1989, Marissa has suffered from asthma and numerous food allergies. (N.T. p.54). She has been hospitalized twice and sees doctors almost monthly regarding her maladies. (N.T., p.55). In light of the child's poor health, this court believes that it is reasonable and, certainly, in her best interest and welfare for her mother to stay at home to provide care for her. Due to the circumstances, this court believes that it would have been unconscionable to impute earning capacity to appellee and order her to seek employment.

Trial court opinion at 6.

The trial court reasoned that it could not ignore the substantial nonmonetary contributions made by Appellee for the care of Marissa. In view of the fact that this court will not reverse a decision of a trial court regarding an order of support absent an abuse of discretion, *Rock v. Rock, supra,* and that the trial court has provided sound rationale for its decision not to impute an earning capacity on Appellee and ultimately formulated an award within the guidelines, we reject Appellant's claims of error. We do, however, remind Appellant that orders of support are reviewable and modifiable when, and if, the parties circumstances change or the child's needs, as related to her age and health, alter through time.

Appellants remaining two claims can be readily dismissed. First he asserts that the trial court erred in holding him "solely responsible for all arrears allegedly due and owing to the department of public welfare." More specifically he contends that he should not be solely responsible based upon Appellees "unreasonable, immature and unrealistic decision to quit her job and impoverish herself and the child." Appellant's Brief at 19. For the reasons expressed above in considering Appellant's claims regarding the court's failure to impute an income to Appellee, we reject this challenge. Subsumed within this issue is a statement by Appellant that the department of public welfare did not provide evidence of Appellee's eligibility for public assistance and the amount of arrears owed. Because we find no evidence of such a complaint before the trial court, we deem the matter waived.

■ Lastly Appellant asks us to consider whether the trial court erred when it refused to hear testimony on the issue of granting Appellant an income tax deduction by listing Marissa as his dependant. Appellant sought to have this issue resolved by the trial court in the October 2, 1991 hearing which was ordered upon remand by the Superior Court from the earlier appeal of the first support award. In making his request Appellant though his counsel advised the court:

The last thing, Your Honor, regarding the issue that I believe Your Honor can decide, would be an order granting

my client the right to obtain credit, which I don't think has been raised. Well, it came up before in front of Judge Kozay. Your honor hadn't decided that issue, because I don't believe it had been raised before.

N.T. 10/2/91 at 62.

The trial court refused to consider the matter because it interpreted its directions from the Superior Court to require it to hold a hearing solely on the matter of child support. However, our review of the record indicates that this matter of the tax deduction was ruled on by Judge Kozay in July 31, 1991 hearing on a Petition for Injunctive Relief filed by Appellant. At the conclusion of a hearing at which both parties and their counsel were present, the court directed Appellee to sign an IRS form 83–32 which would allow Appellant to claim Marissa as a dependant despite the fact that Appellee is the custodial parent. The court further order Appellant to split any tax refund he receives with Appellee. The transcript indicates that Appellee signed the form in the presence of the court.

Although this court is at a loss to explain the rationale for requiring Appellant to split the refund he may receive, questions regarding this matter are not a proper subject for this appeal. Appellant filed a Motion for reconsideration of the July 31st order, which was denied. No appeal was taken. Nevertheless, the matter was not undecided at the time of the October 2nd hearing, as it may have appeared to the court from the statements made by Appellant's counsel. Because the record indicates that this matter was resolved in front of Judge Kozay on July 31, 1991, it was not an appropriate question to be decided by the trial court and is certainly not a matter available for our review.

For the above reasons, we affirm the order of the trial court.