642 A.2d 1136

**William CONNOR, Appellant,**

**v.**

**Elda CONNOR, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1994.

Filed June 13, 1994.

J. Douglas Farrell, Greensburg, for appellant.

Sandra E. Davis, Greensburg, for appellee.

Before DEL SOLE, FORD ELLIOTT and MONTGOMERY, JJ.

DEL SOLE, Judge.

William Connor appeals from an Order of the Court of Common Pleas of Westmoreland County, reducing the amount of child support to be paid by Elda Connor from $478.00 to $350.00 per month. We vacate and remand.

The parties to this action were married August 13, 1977 and they had two children. They have been separated since September 1991 and a Complaint in Divorce was filed in October 1991. Appellant was awarded primary custody of the parties' two children and he filed a support action against appellee on March 25, 1993. Appellee, a school teacher, has partial custody of the children during the school year on

alternate weekends, and during the summers she has custody of the children each week from Monday to Friday. The parties also alternate holidays with the children and both have two nonconsecutive, uninterrupted vacation weeks with the children. At the child support hearing, the parties stipulated that appellant's monthly net income of $1,936.00 and appellee's monthly net income of $1,983.00 are substantially the same. They also stipulated that the child support due based upon that income under the Uniform Support Guidelines, 42 Pa. R.Civ.P. 1910.16–5, would be $478.00 per month, and that appellant has the children 73% of the time and appellee has them the remaining 27% of the time. Appellee sought to reduce the Order of child support. The trial court granted the request and reduced appellee's child support obligation from $478.00 to $350.00 per month. Appellant filed this timely appeal.

The issues are whether the trial court abused its discretion by reducing the appellee's child support obligation, and whether the trial court misapplied the support guidelines in granting the reduction in child support.

Initially, we note that "the amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion." *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989). An abuse of discretion is not simply an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Id.*

In *Dalton v. Dalton,* 409 Pa.Super. 258, 597 A.2d 1192, 1194 (1991) (plurality opinion) we stated:

The Uniform Support Guidelines, codified at Pa.R.Civ.P. Rule 1910.16, *et seq.,* 42 Pa.C.S.A., were promulgated to provide minor children the same proportion of parental income that they would have received if the parents lived together. Pa.R.Civ.P. Rule 1910.16–1, Explanatory Comment A, 42 Pa.C.S.A. The appropriate amount is determined by ascertaining the reasonable needs of the children. The guidelines place emphasis on the net incomes and

earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses, and other factors, such as the parties' assets, as warrant special attention. *Id.*, Explanatory Comment B. Therefore, the support guidelines create a rebuttable presumption that the amount of support determined from the guidelines is the correct amount of support to be awarded. *Id.*, subsection (b).

Appellant argues that had the appellee's partial custodial time continued as every other weekend and alternate holidays with two non-consecutive, uninterrupted weeks vacation with the children on a year around basis, this would constitute reasonable contact by the non-custodial parent as contemplated by the guidelines and would amount to approximately seventy-seven days or 21% of the time. But, since appellee has custody five days a week during the summer, her non-custodial time is slightly increased to ninety-eight and one-half days or 27%. Appellant contends that appellees non-custodial time is about 6% more than the custodial time normally allotted to a non-custodial parent, and this is not such a substantial increase in custodial time which would justify a 27% deviation from the support guidelines from $478.00 to $350.00 per month.

Appellee, on the other hand, argues that even though she has custody only 27% of the time, she is entitled to a reduction to her child support obligation. The twenty-seven percent of the year that the children spend with the appellee amount to ninety-eight and one-half days, and the remaining two hundred sixty-six and one-half days are spent with appellant. Appellee believes that her time with the children requires that she spend more money on activities for the children than appellant spends because she has the children during the summer and they are with her all day long; whereas, when appellant has the children during the school year, he does not incur substantial expenses for additional activities because the children are in school most of the time. Appellee also claims that during the school year when the children are visiting her for the weekend, she transports them to their extra-curricular activities in the North Hills where appellant resides which

creates an unusual burden for her. Appellee also incurs a $60.00 a month telephone bill during appellant's custodial time to maintain contact with the children.

"If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation." Pa.R.Civ.P. 1910.16–4(a). The trier of fact must consider the factors set forth in Rule 1910.16–4(b) in deciding whether to deviate from the amount of support determined by the guidelines. Under Pa.R.Civ.P. Rule 1910.16–5(m), "a non-custodial parent's support obligation should be reduced only if that parent spends an unusual amount of time with the children." The support guidelines contemplate that the non-custodial parent has regular contact, including vacation time, with her children, and that she makes direct expenditures on behalf of the children. *Id.* "Trial courts should depart above the guidelines only when unique needs of the child are involved. Further, departures below the guidelines are permitted only when the obligor can establish unique financial needs." *Young v. Muthersbaugh,* 415 Pa.Super. 591, 609 A.2d 1381, 1384 (1992).

The only explanation provided by the trial court for its deviation from the guideline support amount is that

> ... the defendant-mother was the primary custodian of the children during the summer months and was entitled to some consideration since the plaintiff-father paid her no support during that time. The parties had stipulated that the physical custody of the children was shared with father at 73% and mother at 27% and the Order was reduced accordingly.

Trial ct. op. 10–20–93 at 1–2.

In *Dalton, supra,* the father argued that the trial court abused its discretion in failing to deviate from the child support guidelines since he exercises custody of the minor

children for six out of fourteen days which amounts to approximately 42.8% of the time. In particular, father asserted that the custody order required him to spend an unusual amount of time with the children which caused him to spend more money for them, and this should serve to reduce his support obligation under Pa.R.Civ.P. Rule 1910.16–5(l).[1] This court sustained the trial court's conclusion that although the custodial order, permitting father physical custody every Wednesday night, every other weekend beginning on Thursday evening until Sunday evening, and on alternate vacation and holiday periods, was not insubstantial, it was not such an unusual amount of time warranting a reduction in child support.

The holding of *Dalton, supra* is not precedential; however, the reasoning is sound and applicable in our case. The appellee spends even less time with her children than the father in *Dalton* spent with his children, nevertheless, this court agreed with the trial court's determination that Mr. Dalton's custody was not unusual. The trial court in the case before us did not make a determination that appellee spends an unusual amount of time with the children but merely noted that appellant's physical custody of the children is 73% and appellee's is 27%, and that the order would be reduced accordingly. We are unconvinced by appellee's argument that the amount of time that she has physical custody of the children is unusual or that she spends more money on them for food, transportation and extra-curricular activities. Expenses for food and shelter have already been factored into the support guidelines. The support guidelines also contemplate that the non-custodial parent has regular contact, including vacation time, with his or her children, and that direct expenditures on behalf of the children will be made. Pa.R.Civ.P. Rule 1910.16–5(m).

1. Under the former child support guidelines at Pa.R.Civ.P. Rule 1910.16–5(l), 42 Pa.C.S.A., the trial court was required to reduce the support payments of the non-custodial parent when that parent spends an unusual amount of time with the children. This section is codified at Pa.R.Civ.P. Rule 1910.16–5(m) under the 1993 amendment to the child support guidelines.

The non-custodial parent's support obligation should not be reduced absent a determination that the parent spends an unusual amount of time with the children or where unique financial needs can be demonstrated. The 1993 amendment to the support guidelines require that any amount of support deviation from the amount determined by the guidelines be specified in writing, and the court must indicate the guideline amount of support and the reasons or findings of fact justifying the amount of the deviation. The trial court's meager explanation does not justify a 27% reduction of the appellee's child support obligation. The only discernible reason for the arbitrary 27% reduction from the guideline payment amount is that the appellee has physical custody of the children 27% of the time.

We conclude that, as a matter of law, the amount of time that appellee spent with the children is not unusual and does not warrant a reduction in the support amount under the guidelines from $478.00 to $350.00 per month. Further, a parent's support obligation as determined by the guidelines will not be reduced by allocating the time that each parent spends with the children as this is a misapplication of the guidelines. Therefore, we remand to the trial court for an appropriate Order of support consistent with this opinion.

Order vacated and case remanded for entry of support order. Jurisdiction relinquished.

FORD ELLIOTT, J., dissents.