639 A.2d 1231

**Carol H. McGETTIGAN, Appellee,**

**v.**

**James E. McGETTIGAN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1994.

Filed April 8, 1994.

Edwin M. Matzkin, Philadelphia, for appellant.

Sue N. Lang, Levittown, for appellee (Submitted).

Before WIEAND, HUDOCK and SAYLOR, JJ.

SAYLOR, Judge:

This appeal involves an award of the costs of a daughter's postsecondary education against a divorced parent and requires us to apply the provisions of Act No. 62 of 1993, which became effective on July 2, 1993.

James McGettigan ("Father") has appealed from an Order of the Court of Common Pleas of Bucks County dated July 14, 1993, which required him to pay $131.00 per week for the support of his daughter, Danielle ("Daughter"), toward the costs of her postsecondary education.[1] Father appeals such order, contending that the court abused its discretion in awarding postsecondary educational costs due to the estrangement between Father and Daughter and, in the alternative, contending that the trial court abused its discretion in fixing the level of support payable to Daughter.

1. The court's order of July 14, 1993, subsequently amended by order of August 11, 1993, was retroactive to July 8, 1991, and suspended as of November 13, 1993.

In *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992), the Supreme Court overruled a line of Superior Court cases which had held that under certain circumstances an order of support could be entered against a parent for the support of a child attending college.[2] The Supreme Court held that the common law duty of a parent to support a child ceases when the child reaches eighteen years of age or graduates from high school, whichever occurs later. Since no legal duty to provide college educational support had at that time been imposed by our legislature, the Supreme Court declined to create such a duty, believing that "the more prudent course is to await guidance from that body...." 532 Pa. at 529, 616 A.2d at 632.

In response to the *Blue* case and its invitation, the Pennsylvania legislature enacted 23 Pa.C.S. § 4327 as a part of Act No. 62 of 1993, P.L. 431, effective July 2, 1993 ("the statute"). Section 4327 provides as follows:

Where applicable under this section, a court may order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child whether an application for this support is made before or after the child has reached 18 years of age. The responsibility to

2. In *Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963), the Superior Court held that "the law of this Commonwealth requires a father, under certain circumstances, to support a child while attending college," even without any specific agreement to do so. 200 Pa.Super. at 643, 190 A.2d. at 184. This holding was refined in subsequent cases. *See, e.g., Brake v. Brake,* 271 Pa.Super. 314, 413 A.2d 422 (1979) (a support order may be entered against a parent for child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent); *Miller v. Miller,* 353 Pa.Super. 194, 509 A.2d 402 (1986) (the independent resources of a college age child may be considered in determining the child's need for support); *Lederer v. Lederer,* 291 Pa.Super. 22, 435 A.2d 199 (1981) (factors to be considered in awarding college education support are whether the child is able and willing to successfully pursue his course of studies, the adequacy of the income of the child, and whether the parent has sufficient estate, earning capacity or income to provide for the education without undue hardship). In *Blue v. Blue,* the Supreme Court determined that "in each instance, the Superior Court assumed that a legal obligation existed and molded a remedy in response to that obligation." 532 Pa. at 528, 616 A.2d at 631.

provide for postsecondary educational expenses is a shared responsibility between both parents. The duty of a parent to provide a postsecondary education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself. This authority shall extend to postsecondary education, including periods of undergraduate or vocational education after the child graduates from high school. An award for postsecondary educational costs may be entered only after the child or student has made reasonable efforts to apply for scholarships, grants and work-study assistance.

In its preamble to Act No. 62, the legislature indicated that it intended, in enacting 23 Pa.C.S. § 4327, "to codify the decision of the Superior Court in the case of *Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963) and the subsequent line of cases interpreting *Ulmer* prior to the decision of the Pennsylvania Supreme Court in *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992), decided on November 13, 1992." [3]

The statute, by its terms, is applicable to all support orders entered since November 12, 1992, 23 Pa.C.S. § 4327(i)(1), and all actions for support pending upon its effective date. 23 Pa.C.S. § 4327(i)(2). Thus, the statute is applicable to this proceeding, since the order appealed from was entered on July 14, 1993.

The statute provides that in making an award for the costs of a postsecondary education [4], the court shall first calculate

---

**3.** Portions of the statute contain many of the concepts, and in some instances are taken almost verbatim, from *Ulmer v. Sommerville* and its progeny. *Cf., e.g.,* "[t]he duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself," *Id.,* 200 Pa.Super. at 644, 190 A.2d at 184, with "[t]he duty of a parent to provide a postsecondary education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself." 23 Pa.C.S. § 4327(a).

**4.** The statute defines postsecondary education as "an educational or vocational program provided at a college, university or other postsecondary vocational, secretarial, business or technical school." 23 Pa. C.S. § 4327(j).

educational costs, which are defined to be "tuition, fees, books, room, board and other educational materials." 23 Pa.C.S. § 4327(j). The court shall next deduct from the educational costs all grants and scholarships awarded to the student. 23 Pa.C.S. § 4327(d). However, an award for postsecondary educational costs may be entered only after the child or student has made reasonable efforts to apply for scholarships, grants and work-study assistance. 23 Pa.C.S. § 4327(a).

After calculating educational costs, and deducting grants and scholarships, the court may then order either or both parents to pay all or part of the remaining educational costs of their child. In making such an award, the court is directed by the statute to consider all relevant factors which appear "reasonable, equitable and necessary," including the following:

1. The financial resources of both parents.
2. The financial resources of the student.
3. The receipt of educational loans and other financial assistance by the student.
4. The ability, willingness and desire of the student to pursue and complete the course of study.
5. Any willful estrangement between parent and student caused by the student after attaining majority.
6. The ability of the student to contribute to the student's expenses through gainful employment. The student's history of employment is material under this paragraph.
7. Any other relevant factors.

23 Pa.C.S. § 4327(e).

The statute further provides that support for educational costs shall not be ordered if: (1) undue financial hardship would result to the parent; (2) the educational costs would be a contribution for postcollege graduate educational costs; (3) the order would extend support for the student beyond the student's twenty-third birthday, absent exceptional circumstances. 23 Pa.C.S. § 4327(f).

■ Turning now to the issues raised by Father in this appeal, we adopt as our standard of review of orders entered

pursuant to the statute, one of an abuse of discretion, taking our lead from the Supreme Court in its *Blue* decision. Although the *Blue* case found no common law duty to provide postsecondary educational support, it indicated that the "scope of review in a typical support matter is whether the trial court has abused its discretion" and indicated that

> [e]ven though this appeal does not present a typical support matter, we see no reason for adopting a different scope of review. In essence, we are reviewing an order requiring a parent to provide support, albeit not monthly support but rather educational support. Therefore, an abuse of discretion is the appropriate standard of review.

*Blue v. Blue*, 532 Pa. at 525–526, 616 A.2d at 631 (citations omitted).

■ Father first contends that the estrangement between himself and his daughter terminated his support obligation and barred any award for postsecondary educational costs. The testimony indicates that Father and Daughter had a heated argument when Daughter was 12 years old. During the argument Daughter stated that she no longer wanted to see Father, and as a result Father has had minimal communications with Daughter since that time.

Relying upon *Bedford v. Bedford*, 386 Pa.Super. 349, 563 A.2d 102 (1989), the trial court found that Father had an affirmative duty to attempt to redevelop a relationship with his daughter. The court held that since Father had not made a concerted and good faith effort to establish and develop a relationship with Daughter, the estrangement would not act to bar Father's duty to pay support toward Daughter's college education. Under the statute, the relevant inquiry is whether there has been "any willful estrangement between parent and student caused by the student *after attaining majority,*" (emphasis added) 23 Pa.C.S. § 4327(e)(5). On the basis of the record we find no such estrangement and thus hold that the trial court did not abuse its discretion in this regard.

■ Secondly, Father argues that even if estrangement is no bar, the trial court's failure to properly explain and support

the actual amount of the award, and the underlying computations, constituted an abuse of discretion. As we have previously noted, the *Blue* case, decided on November 13, 1992, determined that there was no common law duty for a parent to provide postsecondary educational support for a child. Thus, the only authority for the entry of the trial court's July 14, 1993, order was the statute. However, the trial court, in its opinion of September 22, 1993, in support of the order, made no mention of the statute.[5] Based on the record before us, we are unable to ascertain whether the trial court took into account all of the statutory criteria since it failed to make findings in accordance with the statute to support the award.

Regarding the amount of the award, the trial court made the following findings in its opinion:

At the hearings, the parties presented testimony as to their incomes and the educational expenses of Daughter. After considering that evidence, we found that Father earned 68% of the parties' income ($3,266 of the parties' total monthly income of $4,774). We also found that Daughter required $950 per month in support. However, rather than require Father to pay 68% of Daughter's needs, in the interest of fairness and under the facts of this case, we thought it more equitable to only require Father to provide 60% of those needs. We, therefore, found that Father should pay $570 per month as support for Daughter, or $131 per week. That level is not too high and Father should not complain.

The figures upon which the court based its award are set forth in the exhibit to the court's original order of July 14, 1993, as follows:

Order based on the following 1991 monthly incomes and expenses:

1. Father's income—$3,266 (68% of total)
2. Mother's income—$1,508 (32% of total)
3. Child's minimal living expenses—$712

5. The exhibit to the Court's order of July 14, 1993 contains the following statement: "This Order is entered without prejudice to the rights of either party with respect to Act 63 (sic) of 1993." We are unable to determine from the record what the court meant by this statement.

4. Child's college expenses—$392

5. Child's independent resources—$154

Calculation: Using 60% instead of 68% of Father's contribution:

$712 + $392 = $1,104   (total expenses)

$\frac{-154}{$950}$   (independent resources)

$950   (expenses allocated

$\frac{\times .6}{$570}$   between parents)

$570   divided by 4.33 = $131/week (father's contribution)

The court's determination that Daughter required $950.00 per month in support was thus apparently based on two components: the child's "minimal living expenses" and the child's "college expenses." As previously noted, the statute defines educational costs as expenses for "tuition, fees, books, room, board and other educational materials" 23 Pa.C.S. § 4327(j). We are unable to ascertain from the record whether the $392.00 designated by the trial court as college expenses was limited to the statutory items. Nor are we able to determine how the trial court arrived at the figure of $712.00 for "minimal living expenses" or what this figure encompasses. In this regard, we note that the only reference in the statute to a student's "living expenses" is in Section 4327(g) which provides that: "A parent's obligation to contribute toward the educational costs of a student shall not include payments to the other parent for the student's living expenses at home unless the student resides at home with the other parent and commutes to school."

The court made no finding regarding the existence of any grants or scholarships awarded to Daughter, although the statute provides that such amount, if any, shall be deducted from the educational costs. Additionally, the trial court failed to make a determination as to whether Daughter made reasonable efforts to apply for scholarships, grants and work-study assistance, when this finding is mandated by the statute as a condition precedent to the entry of an award for postsecondary educational costs.

Even though the trial court's order refers to the student's "independent resources" in the amount of $154.00 a month, the

court made no determination regarding Daughter's receipt of educational loans and other financial assistance (§ 4327(e)(3)), or the ability of Daughter to contribute to her expenses through gainful employment (§ 4327(e)(6)). While the court made findings regarding the income of both parents, it made no findings with respect to the financial resources of the parents or the financial resources of the student which could include savings and investments in addition to income.

Therefore, we vacate the order and remand this case to the trial court for the opportunity to make findings consistent with this opinion.

VACATED AND REMANDED. JURISDICTION RELINQUISHED.

WIEAND, J. files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. It is clear to me that the estrangement between father and daughter was the result of the daughter's conduct, which has continued until the present time. In this day and age when charges of harassment are not uncommon, it is difficult to fault this father for failing to be more assertive in attempting to reverse his daughter's adamant decree that she never wanted to see him again and that he should stay away. This is particularly so where appellant's attempts to contact his daughter by telephone, to send her gifts, to extend invitations for travel and to social events were all summarily rejected by the daughter. Indeed, even after making the present claim for educational assistance, the daughter has made no attempt to contact her father and has refused to speak with him.

Under these circumstances, I would hold that it was an abuse of discretion for the trial court to require appellant to contribute to the cost of his daughter's college education. See: *Milne v. Milne*, 383 Pa.Super. 177, 556 A.2d 854 (1989) and 23 Pa.C.S. § 4327(e)(5). I would reverse the order of the trial court. Appellant has fulfilled his parental obligation to this willfully estranged daughter.