660 A.2d 1367

**Dolores Jean GRIEVE, Appellee,**

v.

**David Michael MANKEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1995.

Filed June 30, 1995.

Robert L. Garber, Pittsburgh, for appellant.

Henry E. Rea, Jr., Pittsburgh, for appellee.

Before POPOVICH, FORD ELLIOTT and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County which dismissed appellant's exceptions to the educational support order of November 29, 1993. Appellant was ordered to pay $585.00 per month in educational support for his daughter, Molly Mankey, who was a senior at Duquesne University, and $401.00 per month for his son, Andrew Mankey, who was a sophomore at John Carroll University. Herein, appellant alleges the following errors: 1) The lower court erred when computing his children's "educational costs" as defined by 23 Pa.C.S.A. § 4327(j), by including such items as personal expenses, clothing and travel expenses; 2) The lower court erred by excusing Molly Mankey from attendance at the support hearing, since appellant could not then explore various issues, including *inter alia* the defense of Molly's willful estrangement as set forth in *Milne v. Milne*, 383 Pa.Super. 177, 556 A.2d 854 (1989) (*En Banc*). Upon review, we find that the lower court incorrectly computed Molly's and Andrew's "educational costs". Further, we find that it was error to conduct the hearing without Molly's presence. Accordingly, we remand this case for a hearing and recomputation of appellant's support obligations.

In *McGettigan v. McGettigan*, 433 Pa.Super. 102, 639 A.2d 1231 (1994), we stated:

In response to the *Blue* [*v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992)] and its invitation, the Pennsylvania legislature enacted 23 Pa.C.S. § 4327 as a part of Act No. 62 of 1993, P.L. 431, effective July 2, 1993 ("the statute"). Section 4327 provides as follows:

Where applicable under this section, a court may order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child whether an application for this support is made before or after the child has reached 18 years of age. The responsibility to provide for postsecondary educational expenses is a shared responsibility between both parents. The duty of a parent to provide a postsecondary

education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself. The authority shall extend to postsecondary education, including periods of undergraduate or vocational education after the child graduates from high school. A award for postsecondary educational costs may be entered only after the child or student has made reasonable efforts to apply for scholarships, grants and work-study assistance.

In its preamble to Act No. 62, the legislature indicated that it intended, in enacting 23 Pa.C.S. 4327, "to codify the decision of the Superior Court in the case of *Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963) and the subsequent line of cases interpreting *Ulmer* prior to the decision of the Pennsylvania Supreme Court in *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992), decided on November 13, 1992."

\*      \*      \*      \*      \*      \*

The statute provides that in making an award for the costs of postsecondary education, the court shall first calculate educational costs, which are defined to be "tuition, fees, books, room, board and other educational materials." 23 Pa.C.S. § 4327(j). The court shall next deduct from the educational costs all grants and scholarships awarded to the student. 23 Pa.C.S. § 4327(d). However, an award for post secondary educational costs may be entered only after the child or student has made reasonable effort to apply for scholarships, grants and work-study assistance. 23 Pa.C.S. § 4327(a).

After calculating educational costs, and deducting grants and scholarships, the court may then order either or both parents to pay all or part of the remaining educational costs of their child. In making such an award, the court is directed by the statute to consider all relevant factors which appear "reasonable, equitable and necessary," including the following:

1. The financial resources of both parents.

2. The financial resources of the student.

3. The receipt of educational loans and other financial assistance by the student.

4. The ability, willingness and desire of the student to pursue and complete the course of study.

5. Any willful estrangement between parent and student caused by the student after attaining majority.

6. The ability of the student to contribute to the student's expenses through gainful employment. The student's history of employment is material under this paragraph.

7. Any other relevant factor.

23 Pa.C.S. § 4327(e).

The statute further provides that support for educational costs shall not be ordered if: (1) undue financial hardship would result to the parent; (2) the educational costs would be a contribution to postcollege graduate educational costs; (3) the order would extend support for the student beyond the student's twenty-third birthday, absent exceptional circumstances. 23 Pa.C.S. § 4327(f).

Turning now to the issues raised by Father in this appeal, we adopt as our standard of review of orders entered pursuant to the statute, on of an abuse of discretion, taking our lead from the Supreme Court in its *Blue* decision. Although the *Blue* case found no common law duty to provide postsecondary educational support, it indicated that the "scope of review in a typical support matter is whether the trial court has abused its discretion" and indicated that

[e]ven though this appeal does not present a typical support matter, we see no reason for adopting a different scope of review. In essence, we are reviewing an order requiring a parent to provide support, albeit not monthly support but rather educational support. Therefore, an abuse of discretion is the appropriate standard of review.

*Blue v. Blue,* 532 Pa. at 525–526, 616 A.2d at 631 (citations omitted).

*McGettigan,* 433 Pa.Super. 103-104, 639 A.2d at 1232–1233 (footnotes omitted).

■ We now address appellant's contention that the lower court committed reversible error when it included personal expenses, clothing and travel cost in its computation of Andrew and Molly Mankey's "educational costs". In computing the educational costs of appellant's children, the lower court expressly included the students' personal expenses and clothing and travel costs as a part of their "educational costs". See, Trial Court Opinion, October 20, 1994. Such action by the lower court is in direct conflict with our decisions in *Bolton v. Bolton,* 441 Pa.Super. 482, 657 A.2d 1270 (1995) and *McGettigan v. McGettigan,* 433 Pa.Super. 102, 639 A.2d 1231 (1994). In *Bolton, supra,* at 486, 657 A.2d at 1272, we stated:

> Because of its recent passage, we have had little opportunity to interpret Act 62. One aspect of this law should be obvious from its face, though: it only covers educational costs. 23 Pa.C.S.A. § 4327(a) and (b). Educational costs are tuition, fees, books, room, board and other educational materials. *Id.* at (j). Father has no obligation under any statute of at common law to pay for such sundries as his 21–year–old son's car insurance or cable television.

■ Here, the lower court has committed an error of law in computing the educational cost of appellant's children. Appellant has absolutely "no obligation under any statute or at common law to pay" for any of his children's expenses other than his equitable share of the cost of his children's "[t]uition, fees, books, room, board and other educational materials." 23 Pa.C.S.A. § 4327; *Bolton, supra.* Thus, upon remand, we remind the lower court to compute the childrens' educational cost in accordance with *Bolton, supra.*[1]

1. We note that appellant was ordered to pay $986.00 per month in educational support for his two children. We remind the lower court that: *"The duty of a parent to provide a postsecondary education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself."* 23 Pa.C.S.A. § 4327(a) (emphasis added); *Ulmer, supra,* 200 Pa.Super. 640, 190 A.2d 182. If we were to assume that appellant

■ We next turn to appellant's allegation that the lower court erred holding the educational support hearing in the absence of Molly Mankey. It is undisputed that appellant served Molly Mankey with a *subpoena* which directed her to attend the educational support hearing and produce certain documents. See, Pa.R.C.P. 234.6, Form of Subpoena. It is also undisputed that Molly did produce the requested documents via her mother, although she did not attend the hearing. Appellant objected to holding the hearing in Molly's absence and requested the court to direct Molly to attend the hearing. Nevertheless, the lower court agreed with the hearing officer's statement that:

> H[earing] O[fficer] has heard Molly testify before. HO does not see anything special about this case which mandates Molly be here to testify, particularly since all requested documents *were* brought by Mother. Any expense requested but not listed by HO are not considered by HO to be reasonable under the circumstances. *Recommendation*, September 3, 1993.

We agree with appellant that it was error for the court to proceed in the absence of Molly Mankey. At the time of the hearing, Molly was residing only an short distance from the court house in Pittsburgh, and she did not have classes on the hearing date. Thus, ·it would not have been impermissibly inconvenient for her to attend. She did not file a petition to quash the subpoena; nor did appellant excuse her attendance. See, Pa.R.C.P. 234.4. Thus, the court should have at least continued the hearing and compelled Molly's attendance at the educational support hearing. See, Pa.R.C.P. 234.5.

owed a "regular" support obligation for his two children given his net income of approximately $3,259.00 and appellee's net income of approximately $2043.00, it would be approximately $743.00 per month for their support if they were still minors. See, Pa.R.C.P. 1910.16-2, Support Guidelines. Considering the express language of the statute concerning the relationship of educational support to child support in general, we are convinced that a party's educational support obligation should not exceed that which he would otherwise be obligated to pay for the support of his "minor" children.

Appellant contends that without being able to examine Molly in person, he was unable to delve into the issues of Molly's willful estrangement from him, Molly's seriousness with respect to her studies and Molly's ability to contribute to her expenses via employment, due to her lightened course load. These issues upon which appellant desires to question Molly are all relevant to the determination of amount of Molly's educational cost which appellant must pay. See, 23 Pa.C.S.A. § 4327(e)(4)(5)(6).

We are not convinced that Molly should be excused from testifying at the hearing simply because she produced the requested documents via her mother. Molly's absence prevented appellant from fully exploring issues which were relevant to setting his educational support obligation and which could not be developed from the documents alone. Accordingly, we remand for an evidentiary hearing at which appellant may examine Molly Mankey. As we stated in *Bolton, supra,* at 486, 657 A.2d at 1272; "We are not dealing with children, but with adults. There is no reason why adults who seek parental contribution to their college expenses should not be expected to back up their requests...." [2]

Order of educational support vacated. Case remanded for further proceedings in accordance with this order.

**2.** We note that, given the current state of the record, we find it doubtful that appellant can establish a case of "willful estrangement" on the part of either of his children. *See, Milne, supra; Rudick v. Rudick,* 441