**Grasso v. Grasso**

C.P. of Monroe County, no. 3291 CV 2005.

*Colleen Mancuso,* for plaintiff.
*George W. Westervelt,* for defendant.

ZULICK, *J.,* January 5, 2007—This matter comes before the court on defendant Robert J. Grasso's (Father) exception to the report of Support Master Richard D. James, Esquire. Father alleges that he has been improperly assessed child support for the parties' 19-year-old son (Robert Jr.). Robert Jr. is repeating his senior year

of high school after failing to graduate last year due to excessive absenteeism. Defendant's exhibit one. Robert Jr. completed his academic requirements during the 2005-2006 school year with a 2.195 grade point average, defendant's exhibit two, but was denied graduation due to absenteeism. He has re-enrolled in the same New Jersey high school for the 2006-2007 academic year.

Father was assessed $202 per week in support payments for two minor children on October 6, 2005. On May 8, 2006, he petitioned to remove Robert Jr. from the support order, alleging that his son had become emancipated. On August 16, 2006, a hearing was held before Richard D. James, Esquire, support master, who found that Robert Jr. attended his senior year of high school and met academic requirements for graduation. However, he did not graduate due to absenteeism and had re-enrolled. Mr. James found testimony questioning Mother's parenting not compelling and was not persuaded by testimony relating to Robert Jr.'s emotional state during the 2005-2006 school year. The master recommended that support continue for the 2006-2007 school year, but that, if Robert Jr. failed to graduate or withdrew from school, Father could re-file his petition. On October 5, Father filed two related exceptions:

"(1) The master erred in concluding that Father should pay support for his 19-year-old son, Robert Jr. (d/o/b 2/22/87), to repeat twelfth grade.

"(2) The master erred in concluding that defendant should pay support for his 19-year-old son, Robert Jr., to repeat twelfth grade when the master found as fact that:

"(a) Robert Jr. had qualified academically to graduate from high school on June 9, 2006;

"(b) Robert Jr.'s failure to graduate on June 9, 2006 was due to his failure to attend school for a sufficient number of days; and

"(c) Robert Jr.'s failure to attend school was not due to illness or physical limitation."

In evaluating these exceptions, I consider that while a master's recommendations are not binding, they are entitled to the "fullest consideration" because the master has had an opportunity to view the testimony of witnesses and evaluate their credibility, which this court has not. *Goodman v. Goodman,* 375 Pa. Super. 504, 507, 544 A.2d 1033, 1035 (1988).

## DISCUSSION

The rule in Pennsylvania is clear: "[N]otwithstanding a child reaching majority at age 18, a parental duty of support is owed until a child reaches 18 or graduates from high school, whichever event occurs later. This will ensure that children have a minimum education in order to prepare them for the challenges of life." *Blue v. Blue,* 532 Pa. 521, 529-30, 616 A.2d 628, 633 (1992).[1] While the Supreme Court in *Blue* did not explicitly address the issue of students who were 19 years of age or older continuing in high school as a result of non-attendance or

---

1. The Pennsylvania General Assembly responded by passing a statute requiring divorced couples to provide support for their children while those children were attending college, which was struck down as a violation of the equal protection clause because no similar obligation is imposed on parents who remain married. *Curtis v. Kline,* 542 Pa. 249, 260, 666 A.2d 265, 270 (1995) ("Ultimately, we can conceive of no rational reason why those similarly situated with respect to needing funds for college education should be treated unequally. Accordingly, we agree with the common pleas court and conclude that Act 62 is unconstitutional.").

otherwise failing to graduate, Pennsylvania precedent justifies applying the per se duty affirmed in *Blue* to Robert Jr.'s situation.

Before *Blue,* the Pennsylvania Superior Court had held that support for a student in college was appropriate in certain cases. *Marino by Marino v. Marino,* 411 Pa. Super. 424, 431, 601 A.2d 1240, 1244 (1992), citing *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Super 640, 190 A.2d 182 (1963). To determine whether college support was appropriate, a court looked to whether the student was "*able and willing* to successfully pursue his course of studies," and whether the parent had "sufficient estate, earning capacity or income to enable him to pay the order without undue hardship."[2] *Id.,* citing 200 Pa. Super. at 643-44, 190 A.2d at 184. (emphasis in original) Such support was deemed inappropriate where a student showed "no aptitude, ability, or desire to continue with a course of study." *Marino,* 411 Pa. Super. at 433, 601 A.2d at 1245.[3] However, low academic achievement in a college student's freshman year was not a justification for terminating educational support. *Commonwealth ex rel. Colligan v. Kass,* 225 Pa. Super. 299, 302-303, 303 A. 2d 225, 227 (1973). This precedent suggests that a court should not respond to dismal attendance during one high school year with an automatic cessation of support. *Marino,* 411 Pa. Super. at 434, 601 A.2d at 1245.

2. Father does not allege that he is subjected to undue hardship by paying support for Robert Jr.

3. In *Marino,* the Superior Court refused to provide continuing support for a 23-year-old community college student who had moved to Arizona, established a quasi-marital live-in relationship with his girlfriend, expressed to Domestic Relations his intent to be financially independent, and secured part-time employment.

As the *Blue* court recognized, high school and college are meaningfully different endeavors with different costs and levels of autonomy. Unlike many college students, Robert Jr. lives at home with his mother (though he lived in Missouri for two months at one point), cannot schedule his classes around part-time work to support himself, and lacks the high school degree necessary to obtain many jobs. However, our research discloses no appellate decision interpreting *Blue* to guarantee support for a child over 18 who is obviously not putting forth the minimal effort necessary to obtain a diploma. Consequently, applying the *Marino* test, which determines when a student should be seen as forfeiting child support to which he is otherwise entitled because of his inattention to his studies, is a proper way to address this jurisprudential lacuna.

Applying the test, it would be difficult to find that Robert Jr. has no "aptitude, ability or desire" to graduate. Instead, his ability to graduate from high school has been clearly established by his successfully meeting the relevant academic requirements during the 2005-2006 academic year. While he was not a diligent student in 2005-2006, *Kass* and *Marino* suggest that I should not terminate support based on one year's struggles. In this case, the master gave Robert Jr. one more opportunity to demonstrate the desire to graduate, explicitly noting that if he fails to graduate or withdraws from high school, Father may re-file his petition.

The plain language of the Pennsylvania Supreme Court's decision in *Blue v. Blue* appears to guarantee Robert Jr. support as long as he is attempting to graduate from high school.[4] I agree with Father that this privilege

---

4. A child is considered emancipated as a matter of law at age 21. See *Marino by Marino, supra* at 432, 601 A.2d at 1244. "Thus, at

should be interpreted to have reasonable limits which have to do with when a student becomes emancipated. However, even applying the more restrictive test which was used before *Blue* to determine whether a college student had forfeited his support entitlement, Robert Jr. deserves an opportunity to complete his program. I therefore accept the master's recommendation to continue child support while Robert Jr. attempts to graduate in 2007.

### ORDER

And now, January 5, 2007, it is ordered that defendant's exceptions are denied.

---

minimum, absent some clear exception to the contrary, a person reaches the age of majority, and necessarily is considered emancipated by act of law, when that person arrives at the age of 21."