**Matthews v. Matthews**

416

C.P. of Berks County, No. 02116700

*Hank J. Uarke*, for plaintiff.
*Terry D. Weiler*, for defendant.

ULLMAN, *J.*, November 25, 2013—

A. Procedural Background

On November 8, 2012, defendant filed a petition for modification of an existing support order for these two children. Defendant was paying $2,310.00 a month for child support and sought to reduce this order.

A hearing was held on May 15, 2013 before a Berks County Support Master (the "hearing officer" in the support rules is referred to as a "support master" in Berks county parlance). The support master filed his report on June 11, 2013, and plaintiff filed timely exceptions on July 1, 2013. After a transcript was produced, support argument was set for September 16, 2013. At the request of defendant's counsel, support argument was continued to October 15, 2013. Both sides filed argument briefs. Both side appeared at argument with counsel.

## B. Legal Background

### 1. Calculating Support Income for a Sole Proprietor

The Superior Court has held that when calculating net income for support purposes, a trial court must first calculate real gross income; second, calculate monthly gross income per Pa.R.C.P. 1910.16-2(a); and, third, calculate monthly net income per Pa.R.C.P. 1910.16-2(c)(1). *Berry v. Berry*, 898 A.2d 1100, 1107 (Pa. Super. 2006). In determining monthly gross income, net income from a business is included; thus, unreimbursed business expenses may be deducted in determining monthly gross income but only where the court finds them to be bona fide expenses under support law. *Id.* In *Berry*, the Superior Court held that the trial court abused its discretion in allowing business deductions from the obligor's gross income merely based upon "father's expert's bald conclusions that the deductions were appropriate." *Id.*

All benefits flowing from corporate ownership must be considered in determining income available to calculate a

support obligation. *Fennel v. Fennel*, 753 A.2d 866, 868 (Pa. Super. 2000). The actual disposable income of the parties counts "not the oft-time fictional picture" created by the application of federal tax laws. *Id.* (quoting *Labar v. Labar*, 731 A.2d 1252, 1255 (Pa. Super. 1999). The Superior Court has stated, "[w]e have held repeatedly that deductions or losses reflected on corporate books or individual tax returns are irrelevant to the calculation of available income unless they reflect an actual reduction in available cash." *Id.*

The Superior Court has stated, "[w]hen a defendant operates a business of his own, it is frequently difficult to determine his actual income. The court need not accept as accurate the testimony of the defendant or the financial record of his accountant made from information furnished by the defendant. It could make its own deductions from the evidence and the accompanying circumstances." *Smith v. Smith*, 426 A.2d 1184, 1187 (Pa. Super. 1981).

As demonstrated in these cases, when a defendant operates his or her own business, a defendant should come to a contested child support hearing prepared to justify with evidence deductions from gross income to a much lower net income for support purposes beyond a mere federal income tax return. Expenses, credits, exemptions, and deductions which apply to reduce gross federal income tax under federal tax laws do not necessarily apply under support law.

### 2. This Case

A party's burden to justify a reduction in one's income may appear cumbersome in the high volume support hearing model, but the law is that the deductions must be demonstrated to be bone fide before a court is to allow them and reduce support income, and, thus, child support.

In our case, defendant owned his own business, employed three employees, and owned five total properties yet demonstrated virtually no knowledge of his own costs and expenses. A business owner is in the best position to prove his own business income, and the burden is on the defendant to provide enough information about his business expenses for a court to determine their validity and application under support law.

## C. Trial Court Decision and Weight of Master's Recommendation

The Superior Court has held that a support master's recommendation is "only advisory and not in any way binding on the trial court." *Ewing v. Ewing*, 843 A.2d 1282, 1286 (Pa.Super. 2004) quoting *Goodman v. Goodman*, 544 A.2d 1033, 1035 (1988). Additionally, "it is the 'sole province and the responsibility of the court to set an award of support' and even if the evidence before the Support Hearing Officer is adequate to support her recommendation, the trial court need not adopt it." *Id.*

At argument and in his brief, defendant argued the wrong legal standard of trial court review of a master's recommendation.

## D. DISCUSSION

### 1. Mortgage Deduction from Support Income

Under the PA support rules, a party does not deduct mortgage payments from one's income for support purposes. Pa. R.C.P. 1910.16-2(c). Obviously, an obligor cannot reduce the duty he owes to his children by choosing to buy a vacation home, or additional properties, and then reducing his income by these mortgage obligations. However, where a defendant's income is his business income, then proven business expenses that actually reduce

a defendant's income may reduce his support income; and these expenses could include rent or mortgage payments on a building utilized for the party's business.[1]

In our case, defendant owns five properties including his home and a vacation/beach house in New Jersey. Plaintiff filed exceptions to defendant's subtracting his mortgage payments from his support income. defendant listed mortgage payments on his taxes under his business expenses. However, on testimony, defendant testified that these payments were made on his New Jersey beach house. Similar to his testimony in general, defendant's testimony regarding his mortgage deductions was not consistent. At one point, he claimed to have a mortgage on another property as well. However, under prompting from his counsel, defendant basically stated that his only mortgage was on his beach home with the caveat that he used that personal property as collateral to purchase one of his business properties, so he classified his vacation home loan as a business loan. This court agrees with plaintiff that how defendant's accountant classified the mortgage payments on defendant's tax return combined with defendant's vague assertion that it is tangentially linked to business is not enough to justify deducting defendant's payments on his New Jersey vacation house mortgage from his support income. Only bone fide business expenses directly tied to the business's operation and income would qualify to reduce support income, and those facts were not established here. Therefore, this court shall add the $11,598.00 mortgage deduction back into defendant's support income.

---

1. This court notes that support law not allowing mortgage payments deductions from support income makes perfect sense lest an obligor could simply choose to re-route his income from his children to his own pleasure by purchasing a second, beach house. Likewise, a sole business owner cannot do so under a thin business veil.

Defendant's counsel, with apologies and rationalizations at oral argument, did attempt to introduce additional facts through his argument brief, but, as defendant's counsel himself acknowledged, that practice is not allowed. Under the Pa.R.C.P. 1910.12 procedure, which Berks County has elected to follow, all facts must be entered into the record at the fact-finding hearing. One cannot enter additional facts through a legal brief at the support argument stage of the proceedings.

2. Other Business Property Deduction

Plaintiff filed exceptions to the master's allowing defendant to deduct $ 3,994.0 for the reason of "rent or lease ... other business property" listed on defendant's tax form. Plaintiff's counsel's questioning on this topic was sparse, and defendant counsel's was non-existent. However, reviewing the transcript, it appears that plaintiff's counsel interrupted defendant's initial answer regarding this $3994.0 expense. Even though defendant bears the burden of justifying his income deductions, as plaintiff's counsel moved off of this specific part of the tax return quickly during his questioning, he did not signal that this area was a contested issue like he did other areas. It is a close decision on this exception because defendant did not produce specific facts for this deduction. Yet, after reviewing the transcript and the exhibits, this court believes it is reasonable to deduce in context of defendant's business as described in defendant's testimony that this specific claimed deduction for rent or lease of business property, including equipment, is valid.

3. Professional Services Deduction

Plaintiff filed exceptions to defendant's deducting $ 8,010.00 from his support income for legal and professional business services. This figure was, again,

simply taken from defendant's 2012 federal tax return. In comparison, plaintiff's counsel established during testimony that defendant only reported paying $ 1,825.00 for similar services on his 2011 federal tax return. Defendant's testimony as to what legal and professional business services he paid was unhelpful as he listed items which obviously do not fit in this category. Defendant testified that he did not believe the amount his business paid professional services significantly increased between the two years, and he had no explanation for the alleged increase in cash spent on professional services. Defendant's only explanation was that he changed accountants.

The main professional service utilized by defendant's business was tax preparation. Under the Pennsylvania support rules, personal tax preparation services are not deductible from gross support income for net support income. In this case, as defendant owns his own business, he personally benefits from the tax preparation done for his sole proprietorship which taxes are intermingled with his personal income taxes, so what portion of the services should be deductible are questionable.

Plaintiff argues that the court should utilize the lower 2011 professional services cost number. This court agrees that utilizing the larger suggested deduction has not been justified. Without proof as to which number is more accurate, this court believes it would be equitable to average the two numbers: $8,010 + 1825/2 = \$ 4917.5$. Therefore, $ 4917.50 shall be deducted from defendant's support income for these expenditures.

4. Medical Insurance and Miscellaneous Deductions from Income

No exceptions were filed to the master's recommendation regarding how much of defendant's

health insurance payments should be deducted from his support income, or whether his federal tax exemptions should reduce his support income, or whether his noncash charitable contribution of "used clothes and household furniture" should reduce his support income. Regardless, as no exceptions were filed to these income reductions, this court will adopt the master's recommended findings in these areas.

### 5. Car Expenses as Deduction from Support Income

Plaintiff took exception to defendant's reducing his support income by a large amount for business car expenses. Defendant sought to reduce his support income by $14,451 by way of business car expenses. At the fact-finding hearing, defendant testified that he was ignorant as to what his specific expenses actually were but wanted to use the figure from his taxes. The figure offered, $14,451 had been claimed as a federal income tax deduction as prepared by defendant's accountant.

Under questioning, defendant testified that he owns multiple properties and occasionally uses his vehicles to drive between them; however, only one property is actively used for his chiropractic business. Additionally, defendant testified how far he lives away from his business location though this testimony was immaterial as a normal commute, going from home to the office, is not recognized as a legitimate income expense under either federal income tax law, or, more importantly, Pennsylvania support law. Lastly, defendant offered vague testimony about driving to clients for house calls as part of his business, but, when asked, refused to approximate an average amount of business driving he performed per month.

In his federal income tax form, defendant claimed only one of his two vehicles as a business expense. He only

claimed 6,800 miles a year for his business usage. He testified that he paid approximately $2,400 in repairs for a failed car part during the last year. Overall, defendant failed to offer facts to justify reducing his support income anywhere near the $14, 451.00 in business car expenses he sought.

The support master stated in his recommendation that he "added one-half of the vehicle expenses of $4,687.00 as defendants vehicles were only used 50% of the time for business use." Reviewing the record, it is difficult to ascertain where the master's numbers come from. Defendant testified that he used both vehicles for business but only offered vague facts to support any deduction to his income for support. Defendant's income tax exhibit lists only one of the two vehicles as being used for business purposes and lists that vehicle as being used 85% of the time for business.

Plaintiff filed exceptions to this finding and argues that $7,225.50 should have been added back onto the income as that would represent the 50 percent master's finding. Although this suggestion is an approximation, this court believes that plaintiffs suggestion fits the record more accurately than the master's final financial figure. Defendant only claimed 6,800 miles of business usage for the entire year. Defendant bears the burden of proving deductions from his support income and failed miserably to present accurate evidence to justify his claimed expenses. This court shall order that $7, 225.50 be added back into defendant's income ($ 2538.5 more than the master's recommendation); in effect, this court is granting defendant $7, 225.50 in annual business car expenses against his annual support income, which amount is more than fair based on the paucity of evidence defendant presented.

## 6. Rental Income

Plaintiff filed exceptions regarding the master not counting defendant's rental income as part of his support income. Defendant testified that he rents out his full-time rental property for $850.00 a month and that he did so for a full twelve months in 2012. The court needs to set a fair support income/earning capacity for defendant based upon the record. The defendant testified that he receives $850.00 a month in rents for his rental property, and the master found the defendant credible. Defendant's tax exhibit contradicts his testimony as to how much rent he received in 2012, but defendant repeatedly testified as to ignorance and lack of responsibility for as this exhibit's contents. Under these circumstances, the court shall accept the $850.00 a month figure as the most reliable indicator of this income.[2]

Defendant did verify his taxes paid on that rental property as being $3,452.00, and this court is going to accept the $1,995.00 in repairs reported on his 2012 taxes and referred to in testimony as indicative of the yearly maintenance costs. Therefore, defendant's income from his rental property is $10,200 - $3,452—$1995 = $4,753.00 annually.

### E. Summary

The support master found defendant's tax return "self-explanatory." After reviewing the record and considering argument, this court disagrees. It was unclear what many of the tax deductions were exactly and why they would apply to support income under support law. As the Superior Court case law cited above explains, federal tax returns are often

---

2. This court notes that defendant testified that he is also trying to rent out his New Jersey beach house, so that may be an additional income stream for him in the future.

fictional and need to be supported by evidence. Defendant filed his petition to modify to reduce his support but came into his fact-finding hearing almost completely ignorant of his own business expenses, unfamiliar with his own tax return, and declined to call his staff or his accountant or to produce documents to justify lowering his support income by all his alleged expenses and deductions as reported on his federal income tax return.

In accordance with this court's findings based on the exceptions as delineated above, the defendant's income shall be: first, $21,773.00 plus $13,278.00 plus $13,176 = $48,227 as the master recommended; second, in contrast to the recommendation, this court shall add $ 11,598.00 back for the unsupported vacation home mortgage deduction, $ 3101.50 back for unsupported professional services deductions, $ 7,225.50 back for unsupported business car expenses, and add $4,753.00 in rental income for a total of $74,905.00 net support income. Therefore, defendant's monthly net support income would be $6,242.08. Plaintiff's income of $3,759.33 plus defendant's income of $ 6242.08 equals $ 10,001.40. Therefore, the total support obligation for two children is $ 1,981.00 per month, and defendant's share at 60.23% equals $ 1193.16 per month plus $ 49.47 for a proportionate share of extra-curricular costs for a total of $1,242.63 a month plus $100.00 per month for arrears for a final total of $ 1,342.63 per month effective November 8, 2012

## ORDER

And now, this 25 day of November 2013, in accordance with this court's accompanying opinion, it is ordered that defendant's exceptions are granted; and that defendant's annual net support income is $74,905.00; and, therefore, defendant's monthly net support income shall be $6,242.08. Plaintiff's monthly net support income is

$3,759.33. Defendant's proportionate share of combined income and the total support obligation is 60.23%.

Furthermore, it is ordered that defendant's basic monthly child support order shall be $1193.16 per month plus $49.47 for a proportionate share of extra-curricular costs for a total of $1,242.63 a month plus $100.00 per month for arrears for a final total of $1,342.63 per month effective November 8, 2012.

Defendant shall continue to be 100 percent responsible for medical insurance for the children while plaintiff shall pay a proportionate share of any unreimbursed medical expenses over $250.00 annually.