J. A16039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSAN A. KASSIS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 295 EDA 2018 |
| | : | |
| TERRANCE KASSIS | : | |

Appeal from the Order, November 30, 2017,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2015-10272

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 02, 2018**

Susan A. Kassis ("Mother") appeals *pro se* from the November 30, 2017 order entered in the Court of Common Pleas of Montgomery County that denied her exceptions to the master's recommendation and order of child support.  We affirm.

The record reflects that Terrance Kassis ("Father") filed a petition to modify child support.  The support master held a hearing.  The record reflects that at the time of that hearing, Father had full custody of C.K., the parties' six-year-old special needs child ("Child").  Mother resides in California and had not seen Child for two years.  Father lives alone with Child; tends to Child's special needs; provides Child's health insurance; and arranges for Child to attend psychotherapy, play therapy, and summer day camp.  Because Father works full-time to support Child, Father employs two nannies on a year-round

basis at an hourly rate of $15. The record reflects that nanny care is necessary at various times during the year, such as after school, during school breaks, after summer day camp, and during the summer when summer day camp is not in session.

Following the hearing, the support master filed a written recommendation and basic child support order directing Mother to pay $474.37 per month plus $146.29 for her share of Child's health insurance, $319.96 for her share of childcare costs, and $87.29 for her share of Child's recurring medical expenses, for a total monthly child support order of $1,027.91. Mother filed timely exceptions, which the trial court denied. Mother then erroneously filed an appeal to the Commonwealth Court of Pennsylvania. The Commonwealth Court transferred the appeal to this court. Although the trial court did not order Mother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), it did file a Rule 1925(a) opinion.

In her brief to this court, Mother fails to include a statement of questions presented on appeal. A reading of Mother's brief, however, reveals that she is unhappy with the amount of the child support order. Indeed, Mother expressed her displeasure with that amount during oral argument on this matter. Having determined, however, after careful review, that the learned Judge Emanuel A. Bertin, in his December 29, 2017 Rule 1925(a) opinion, ably and comprehensively disposes of Mother's issues on appeal, with

appropriate reference to the record and without legal error, we affirm on the basis of that opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/18

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – FAMILY DIVISION

SUSAN A. KASSIS              :       NO. 2015-10272

       vs.                   :       PACSES NO. 381115393

TERRANCE KASSIS         :

December  Z 9 , 2017                       BERTIN, S.J.

## OPINION

### I. Background

2015-10272-0147  12/29/2017 9:22 AM  # 11587265
Opinion
Rcpt=Z3295732  Fee:$0.00
Mark Levy - MontCo Prothonotary

This is a child support case.

On March 3, 2017, father filed a petition to modify support order. (6/8/17 N.T. 8). A record hearing thereon, before the Montgomery County support master, Patricia A. Coacher, Esquire, was held on June 8, 2017. The notes of testimony of said hearing have been transcribed and are part of the record.

At the time of the June 8, 2017 hearing, father had 100% custody of the parties' six year old special needs son. (6/8/17 N.T. 23). Further, mother, a resident of California, had not seen her son for two years, since mother's move to California. (6/8/17 N.T. 20). This period of time represents one-third of the child's life.

Father lives alone with the child in Montgomery County, Pennsylvania and tends to the child's special needs. Father supplies important health insurance for the child, which covers the child's medical, dental, and vision needs. (6/8/17 N.T. 23, 24). Father arranges for the child to go to Dr. Steven Glaser for psychotherapy (6/8/17 N.T. 24); to Tonya Bettencourt for needed play therapy (6/8/17 N.T. 24); to Dr. Ross, who is not covered by insurance (6/8/17 N.T. 25); and to Radnor Day Camp in the summer (6/8/17 N.T. 24).

1

Since father works full time to support the child, father, appropriately, employs two nannies (Babysitters), year round, for an annual childcare cost. (6/8/17 N.T. 25). The child just finished full day kindergarten, and nanny coverage is needed from 3:00 PM to 7:00 PM, five days per week. (6/8/17 N.T. 30, 31). Of course, when the child has half day school days or is off from school, since father works, more hours of nanny coverage are required at an additional cost. (6/8/17 N.T. 30, 31). Nanny coverage for child is also needed during summer day camp during the summer. The child attends summer camp from the morning until 3:00 PM (6/8/17 N.T.) 31). Additionally, nanny coverage is needed from 3:00 PM to 7:00 PM (6/8/17 N.T. 31). Father pays two nannies $15.00 per hour. (6/8/17. N.T. 31). Again, when the child has half days off or full days off from summer camp, more hours of nanny coverage is needed at an additional cost. (6/8/17 N.T. 31). The nanny meets the child at the camp bus stop, where the camp bus brings the child home from camp, and the nanny brings the child home from the bus stop (6/8/17 N.T. 32).

At the conclusion of the June 8, 2017 hearing, in a written recommendation and order, dated July 3, 2017, the support master entered a basic order for the child of $474.37 per month. In addition thereto, the master order mother to contribute her share of $146.29 per month toward health insurance, $319.96 per month toward child care (including summer camp), and $87.29 per month for recurring medical expenses. The total support order amounted to $1,027.91 per month.

On July 11, 2017, mother filed exceptions to the master's recommendation and order. As ordered on October 10, 2017 by the undersigned, mother and father filed briefs in support of their respective positions. Oral argument was held before the undersigned on November 29, 2017. After considering the record, briefs, and oral argument held on November 29, 2017, the

2

undersigned entered an order that same day, on November 29, 2017, denying mother's exceptions.

On December 12, 2017, mother filed a notice of appeal from the undersigned's November 29, 2017 order to the wrong appellate court, the commonwealth Court of Pennsylvania, when the appeal should have been filed to the Superior Court of Pennsylvania.

## II. Discussion

The standard of review of the undersigned, as a trial court, in reviewing the recommendation and order of support master Patricia A. Coacher, Esquire, was thoughtfully analyzed and set forth by the Pennsylvania Superior Court in *Goodman v. Goodman*, 544 A.2d 1033, 1035 (1988), as follows:

> We first note the findings of the DRHO were only advisory and not in any way binding on the trial court. *See* Pa. R.C.P. 1910.12, sections (d) (hearing officer shall file report containing *recommendation* with respect to entry of an order), (f) (absent exceptions, court shall *review report* and, *if approved*, enter a final order), and (g) (following argument on exceptions, court shall enter *appropriate* order) (emphasis added). Because the procedure followed under this rule involves, "in essence substantially a master's hearing, akin to a master's hearing in divorce", explanatory comment to Rule 1910.12, the cases addressing the use of a divorce master's report and recommendations are apposite to actions for support under this rule. *See, e.g., McBride v. McBride*, 335 Pa. Super. 296, 484 A.2d 141 (1984). While such a report is to be given the fullest consideration, especially with regard to the credibility of witnesses, a trial court is required to review the report to determine if the recommendations are appropriate. *Reed v. Reed*, 354 Pa. Super. 284, 511 A.2d 874 (1986). It is the sole province and the responsibility of the court to set an award of support, however much it may choose to utilize a master's report.

With the foregoing mandate in mind, the undersigned carefully reviewed the record, briefs, and oral arguments, and for the reasons set forth hereafter, found that the support master filed an excellent report and recommendation, in conformity with the testimony offered at the support hearing before her. And, as required by *Goodman, supra*, the undersigned gave the "fullest" consideration" to the support master's report and reviewed "the report to determine if

3

the recommendations are appropriate," *Goodman, supra,* and found they were. For this reason, the undersigned denied mother's exceptions.

By reason of mother's appeal, the Pennsylvania Superior Court is now called upon to review the undersigned's order based upon the undersigned's reasoning as set forth above. In that regard, the Pennsylvania Superior Court's standard of review is set forth in *Isralsky v. Isralsky,* 824 A.2d 1178, 1186 (2003), as follows:

> In child support cases, our standard or review is as follows:
>
> The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. As abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Kessler v. Helmich,* 449 Pa. Super. 113, 672 A.2d 1380, 1382 (1996) (quoting *Griffin v. Griffin,* 384 Pa. Super. 188, 558 A.2d 75, 77 (1989) (*en banc*)). For our purposes, "an abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality."

*Portugal v. Portugal,* 798 A.2d 246, 249 (Pa. Super. 202) (citations omitted.

In accordance with the foregoing standards of review, set forth in *Goodman, supra.* and *Isralsky, supra,* we now look at mother's "exceptions", all of which we find wanting.

### "1. Mother's income = $60,000 gross with net of $3,300 under California Tax table. Mother resides in California"

Actually, mother's gross yearly income is $61,000.08 6/8/17 N.T. 11). The basic child support order is only $474.37 per month. And, when you add mother's fair share of contributions to health insurance, summer camp, child care year round, psychotherapy, play therapy, and the like, for this six year old special needs child, who mother does not visit, the total overall support order amounts to $1,027.91 per month. If mother is suggesting that the order is

4

economically confiscatory, though she has not articulated this, we disagree. Even assuming mother's net monthly income is $3,300, or $39,600 yearly, as mother now asserts, the $1,027.91 per month, or yearly $12,324, child support order, is only 31.12% of mother's net income. That is certainly a reasonable child support order for a special needs child.

**"2. Portions of unpaid medical bills ordered from 2016 support ordered from 2016 support order has not been paid by the Plaintiff."**

The record of the support hearing is devoid of this matter and is, therefore a statement dehors the record, not to be considered by this court.

**"3. Deviation under Rule 1910.16-5 for Defendant's unusual needs due to medical condition and unusual fixed obligations with IRS for 2016 tax payment."**

No specifics of these matters were presented at the support hearing before the support master.

**"4. Relative assets of the Plaintiff in the amount of $500,00 Rule 1910.16-5."**

No specifics of these matters were presented at the support hearing before the support master.

**"5. Liabilities of the defendant with amount over $500 per month Rule 1910.16-5."**

No specifics of these matters were presented at the support hearing before the support master.

**"6. Psychiatric expenses – Father failed to notify mother since inception. No Verification from doctor, if required."**

Mother did not question the necessity for, or reasonableness of, psychiatric treatment or cost thereof for the special needs child at the support hearing and the issue of a doctor notification was not raised. The issue of "notification" of the same is a child custody issue, not a support issue.

5

**"7. Mother's medical insurance payment of $168.00 under under pursuant to 23 Pa. C. S. §4321."**

This is unintelligible to the undersigned. Mother's ordered $146.29 per month contribution toward medical insurance for the child is appropriate.

**"8. Summer care activities of $4,475 is excessive. Mother don't know activities that father enrolled the child."**

Motion is referring to the child's summer day camp when she cites to the cost of $4,475.00. Mother did not attack the cost of summer day camp at the support hearing. She could have offered the cost of other summer day camps at the support hearing, or cross-examined father on the same, but she did not. Accordingly, on the record, there could be no finding of excessiveness. As to informing mother about child's activities, again, this is a child custody issue, not a support issue.

**"9. Child care – Father always utilized grandfather and grandmother for child care."**

Mother did not develop this at the support hearing before the support mast or make argument before the master thereon. There was credible testimony and exhibits submitted by father concerning child care.

**"10. Tier fact under Rule 1910.16-5 was not considered thus, burdensome on the obligor is excessive."**

This exception is unintelligible. However, Rule 1910.16-5 is the support deviation rule. The support master, appropriately, did not deviate downward for any factor listed therein. If mother is suggesting that the order is excessive or burdensome, this court finds that it is not.

**"11. Objections to Evidence."**

This is a general, not specific, exception and, therefore, is not permissible.

The court finds mother's exceptions to be meritless.

6

It should be noted that at the support hearing mother sought to avoid the entry of a child support order in *any* amount by arguing to the support master that there was a local rule that prevented a custodial parent with a higher income than the noncustodial parent from obtaining a child support order from the said non-custodial parent. (6/8/17 N.T. 22). The support master told mother that was not correct. (6/8/17 N.T. 22). Also, when mother objected to the relevance of the fact she had not seen her son in two years, in the context of a child support hearing, the support master pointed out to the mother that the amount of time a non-custodial parent spends with the child may impact a child support order and that if the non-custodial parent does not see the child, 30% of the time overnight, the custodial parent can request an *upward* deviation in the child support order. (6/8/17 N.T. 21). This last issue is important, because the support master, in her discretion, could have deviated upward, resulting in a high child support order against mother. But, the support master, in her discretion, did not do so.

It is submitted that this court's holding, that the support master's recommendation and proposed order was "appropriate" under *Goodman, supra,* was not a "clear abuse of discretion" (meaning that the law was not "misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality") under *Isralsky, supra.* The support order should, accordingly, be affirmed.

### III. Conclusion

The court respectfully requests that your Honorable Court deny mother's appeal and affirm the child support order.

BY THE COURT:

EMANUEL A. BERTIN, S.J.

7