614 A.2d 1189

**Darlene SEMAN**

v.

**Martin SEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1992.

Filed Sept. 24, 1992.

Charles S. Cusick, Jr., New Castle, for appellant.

George P. Micacchione, New Castle, for appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

TAMILIA, Judge:

This is an appeal from the Order of February 12, 1991 directing defendant/appellant Martin Seman to pay the monthly sums of $520 in spousal support for plaintiff/appellee Darlene Seman and $300 in child support for the parties' minor child, Chad, born August 8, 1974. The Order was made retroactive to April 24, 1990, the date on which appellee filed her complaint in support. The Order credited appellant for $4,000 in support payments made directly to appellee. The Order further directed appellant shall be responsible for maintaining his employer's hospitalization and medical insurance coverage for appellee and Chad, as well as one-half of all medical expenses not covered by insurance. Finally, the

Order required the parties to inform the Domestic Relations Office of any change in their address or employment within seven days of such change.

■ Appellant now claims the trial court failed to determine correctly his spousal and child support obligation in accord with the applicable statutes, guidelines and case law. In essence, appellant argues the trial court erred in not "deviat[ing] significantly from the [support] guidelines" (Brief of Appellant at 11). It is well settled this Court's standard of review for support awards is a narrow one based upon abuse of discretion. *Marshall v. Marshall,* 404 Pa.Super. 628, 591 A.2d 1060 (1991). Abuse of discretion in these matters requires more than mere error of judgment, rather it requires an overriding or misapplication of the law or a manifestly unreasonable exercise of judgment. *Caplan v. Caplan,* 400 Pa.Super. 352, 583 A.2d 823 (1990).

The area of support has been clouded needlessly over recent years through varied attempts to reconcile the *Melzer*[1] support formula and the mandatory uniform support guidelines. Despite sporadic contentions that the *Melzer* formula and the support guidelines are inconsistent with each other, or even that the support guidelines, by their very nature, supersede the *Melzer* formula, in an attempt to bridge the morass of often conflicting viewpoints, this Court *en banc* recently issued what it hopes will be the dispositive analysis of this issue. Therein, following a review of the line of cases expounding various views, a majority of this Court found "the only tenable approach the courts may take" is a holding "that if either *Melzer* or the guidelines are properly applied and they either have been harmonized or application of one or the other has been waived, the court is not guilty of an abuse of discretion." *Ball v. Minnick,* 414 Pa.Super. 242, 258, 606 A.2d 1181, 1189 (1992) (citations omitted).

■ Appellant contends the court erred in not deviating from the guidelines and individualizing the support award to the specific conditions of the parties. While the *Ball* Court

1. *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

stated the guidelines "provide a *starting point* from which the court can, if necessary, individualize the support Order," *id.*, 414 Pa.Super. at 256, 606 A.2d 1181, the Court hastened to add that the rebuttable presumption that the amount of the award which would result from the guideline is the correct amount of support to be awarded is only rebuttable "by a written finding or specific finding on the record that the guidelines would be unjust or inappropriate . . . ." *Id.*, 414 Pa.Super. at 258, 606 A.2d 1181. However, no such finding exists in this case and, in fact, Judge Ralph D. Pratt, in his thorough and excellent Opinion, applies both the *Melzer* formula and the uniform guidelines in discussing how the court arrived at an appropriate award. Given the clear guidance of *Ball, supra,* and its concomitant emphasis on the broad use of judicial discretion in support cases, we are unable to discern any abuse of discretion or any need for deviation from the guidelines, and therefore this claim is without merit.

 Appellant also claims the court abused its discretion in ordering appellant to be responsible for one-half of those medical expenses for appellee or Chad not covered by insurance without explicitly making appellee responsible for the other half. Appellant argues this requirement, provided for in 23 Pa.C.S.A. § 4324, is allowable only for "reasonable and necessary" health care expenses. The first aspect of appellant's claim is without merit, as appellee correctly points out, because as long as appellant meets *his* requirements, he will suffer no economic harm or injustice, and no other explicit language was necessary in the Order, as no one but appellee could be responsible for the other half of noncovered medical expenses.

As to the claim concerning "reasonable and necessary" expenses, we feel certain this language is implicit in the trial court's Order, but out of an abundance of caution, we now make it explicit, modifying the February 12, 1991 Order only to reflect that appellant is responsible for one-half of all reasonable and necessary medical expenses for appellee and Chad not covered by insurance.

24

■ Finally, appellant argues the trial court erred in not making the language of its change of address or employment requirement more specific. Appellant claims a change of jobs by appellee within the confines of her current employment would not be reportable under the Order. We disagree. The Order clearly requires both parties to notify the Domestic Relations Office of *any* change of employment. A new job under a present employer is reportable to the same extent as a new job under a new employer, and both parties are now on notice to that effect. Appellant also claims a change of address by Chad, sixteen years old at the time of the Order, is required to be reported under Pa.R.C.P. 1910.17(b), but was not made so by the Order. Again, we feel this is contemplated by the court in its Order, but again we make a minor modification to reflect the court's intent.

Order affirmed as modified.

Jurisdiction relinquished.

HUDOCK, J., concurs in the result.