J-S63031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.R.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.S., | |
| Appellant | No. 590 MDA 2014 |

Appeal from the Order March 4, 2014
in the Court of Common Pleas of Lancaster County
Domestic Relations at No.: 2008-04057

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 11, 2015**

Appellant, A.S. (Father), appeals from the order, after a hearing, reinstating child support for the parents' daughter, S.S.[1]  Father alleges the trial court erred in accepting an untimely response from Appellee, M.R.A. (Mother) to determine the effective date of the order terminating child support.[2]  We affirm on the basis of the trial court opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the order appealed from was dated March 3, 2014, it was entered on the docket and filed on March 4, 2014.  We have amended the caption accordingly.

[2] Mother has not filed a brief in this appeal.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

For convenience of reference, we note briefly that Father maintains that Mother filed an untimely notice of appeal from multiple notices of the emancipation of the parties' minor child by the Domestic Relations Office of Lancaster County. After a hearing, the trial court sustained Mother's appeal and vacated the termination of support order on finding that S.S. was still enrolled in high school. Father timely appealed.[3]

Father raises two questions on appeal:

> 1. Did the [trial] court err as a matter of law in determining the effective date of the March 3, 2014 [o]rder when [Mother] filed an untimely response to the emancipation inquiry, which resulted in the issuance of a final order terminating the child support?
>
> 2. Did the [trial] court err as a matter of law in finding [Mother] properly filed an exception to a final order terminating child support?

(Father's Brief, at 4).

After a thorough review of the record, Father's brief, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Father has raised on appeal. The trial court opinion properly disposes of the questions presented. (*See* Trial Court Opinion,

---

[3] Father also filed a timely statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

dated May 30, 2014, and filed 6/02/14, at 4-8) (finding: (1) trial court properly exercised its discretion in vacating the order terminating support and reinstating the order of child support on proof of enrollment where Mother testified she did not receive the prior inquiries and on receiving the notice of termination she immediately filed a handwritten request to appeal, and the trial court determined Mother to be credible; and (2) trial court properly accepted Mother's *pro se* handwritten request to appeal). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015

Circulated 01/23/2015 10:11 AM

S63031-14

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
DOMESTIC RELATIONS SECTION

M█████ R. A█████        :
                        :       No. CI-08-04057
        v.              :
                        :       PACSES Case No. 31310937
A██████ S██████         :

## PA R.A.P. 1925 OPINION

BY HACKMAN, J.                                    May 30, 2014

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure.   A hearing was held on March 3, 2014, to address the support appeal filed by M█████

A███ ("Appellee"). The trial court sustained the appeal and vacated the termination order, dated

January 2, 2014, upon finding that the parties' child, who had turned 18 years of age, was still

enrolled in high school. The order dated August 29, 2009 directing Defendant, A██████ S██████

("Appellant"), to pay $317.38 per month current support and $30.00 per month on arrears, was

reinstated in all aspects and particulars.

On April 2, 2014, Appellant filed a Notice of Appeal. In addition, he made application

for Supersedeas of the support order pending appeal. On April 3, 2014, the trial court denied his

Application for Supersedeas and directed him to file a concise statement of the matters

complained of on appeal no later than April 25, 2014. In his Statement of Matters, Appellant

asserts that the trial court abused its discretion by: (1) determining the effective date of the

March 3, 2014 order when Plaintiff untimely appealed the termination of support for the minor

child on January 27, 2014; (2) finding that Plaintiff's appeal of the minor's emancipation was

timely filed when it was filed more than twenty (20) days after the filing of the Order terminating

support for the minor child; (3) finding that Plaintiff could appeal a final order of Court by filing

an appeal to the Office of Domestic Relations, rather than filing a Complaint for Modification; (4) limiting Defendant's testimony at the de novo hearing related to the issue of income; and (5) failing to set a bond amount pursuant to Pa.R.A.P. 1731.

## BACKGROUND

The Office of Domestic Relations ("DRO") received this case via IPSA form from Berks County on December 15, 2008 requesting the support of one child. On February 2, 2009, the matter was deemed complex as there was an issue of paternity. The parties agreed to participate in genetic testing, which was ordered on March 17, 2009. After the testing revealed that Appellant was the biological father of the child, a conference was held and an order was issued on August 29, 2009 directing Father to pay $317.38 per month and $30 per month on arrears.

On September 27, 2013, DRO sent an initial emancipation inquiry and a final notice approximately thirty (30) days later. (N.T. at 2) When they received no response from Mother/Appellee, DRO sent a 60-day Case Closure form dated December 30, 2014 (see Office of Domestic Relations 60-Day Closure) along with an order terminating support dated January 2, 2014. Appellee called DRO on January 3, 2014 after she did not receive any child support payments, and was informed of the order terminating support. At this point, she notified them of her desire to contest that decision, but was directed by DRO to wait until she received the paperwork to officially file the appeal. (N.T. at 8-9) On January 12, 2014, Appellee returned the 60-day notice to DRO with a handwritten statement claiming that she did not receive any of the prior notices or paperwork and that the child was still attending high school, which was received by DRO on January 28, 2014. Appellee filed a demand for a hearing dated 12/20/14[1] which was received by DRO on January 27, 2014. (Order for Court Hearing, 1/28/14)

---

[1] The Court determined that Appellee mistakenly wrote "12" for December instead of "1" for January.

2

On March 3, 2014, a hearing was held, and the Domestic Relations Officer confirmed that their office did receive proof of enrollment when Appellee filed her appeal. (N.T. at 5) Upon finding that the parties' child, who had turned 18 years of age, was still enrolled in high school, the trial court sustained the appeal and vacated the termination order, dated January 2, 2014. The order dated August 29, 2009, directing Defendant, Antonio Soto ("Appellant"), to pay $317.38 per month current support and $30.00 per month on arrears, was reinstated in all aspects and particulars. Effective May 22, 2014, the order was placed on an arrears only basis as the child will be 18 years of age and graduated from high school. Finally, the Order is set to terminate upon payment in full of arrears and fees owing.

On April 2, 2014, Father filed this appeal, and, on April 3, 2014, the Court denied Father's Petition for Application of Supersedeas.

### LEGAL STANDARD

The law is clear in establishing that parents are liable for the support of their children Pa.C.S.A. 4321(a)(2) and that liability is absolute. *Oeler by Gross v. Gross* 594 A.2d 649, 651(1991) Child support is a paramount duty of a parent. *MacKinley v. Messerschmidt* 814 A.2d 680, 683 (Pa.Super.2002) A duty that is equally shared among parents and a duty that provides for the reasonable expenses in raising their children. *Litmans v. Litmans* 673 A.2d 382(Pa.Super., 196); *Frankenfield v. Feeser* 672 A2d 1347(Pa.Super., 1996)

The standard of review for support orders is abuse of discretion. An abuse of discretion requires more than mere error of judgment, it requires an overriding or misapplication of the law or a manifestly unreasonable exercise of judgment. *Brotzman-Smith v. Smith* 437 Pa.Super. 509,514; 650 A.3d 471, 473-474 (1994) (citing *Seman v. Seman* 419 Pa.Super. 20, 21-22, 614 A.2d 1189, 1190 (1992)). Absent an abuse of discretion or insufficient evidence to sustain the

3

support order, the court will not interfere with the broad discretion afforded the trial court. *Haselrig v. Haselrig* 840 A.2d 338 (2003). The resolution of factual issues is a matter for the trial court and the reviewing court will not disturb the trial court's findings if they are supported by competent evidence. *Diehl on Behalf of Beaver v. Beaver*, 444 Pa.Super. 91, 95, 663 A.2d 232, 234 (1995) Further, the amount of support is within the discretion of the trial court absent clear abuse of discretion. *Kesler* 672 A.2d 1380

An emancipation inquiry is governed by Pa.R.C.P. 1910.19(e) which states that the Domestic Relations Office shall file an emancipation inquiry six (6) months prior to a child's 18th birthday seeking confirmation of the child's birthday, school attendance, residency and special needs and notifying obligee that if the notice is not returned in 30 days the order may be modified or terminated. If the inquiry and notice are not returned, the Domestic Relations Office will automatically terminate the order effective the date of the child's 18th birthday or graduation from high school, whichever occurs last. Additionally and most importantly in resolving the case at bar, according to Pa.R.C.P. 1910.19(f), upon notice to the oblige, with a copy to the obligor, explaining the proposed modification or termination the court may modify or terminate a charging order for support and remit any arrears, all without prejudice, when it appears to the court that: (1) the order is no longer able to be enforced under state law (2) the obligor is unable to pay (sic). Further, **the notice shall advise the obligee to contact the Domestic Relations Office within 60 days of the date of mailing if he or she wishes to contest the proposed termination**. Pa.R.C.P. 1910.19(e) & (f)

## DISCUSSION

In his Statement of Matters, Appellant asserts that the trial court abused its discretion by: (1) determining the effective date of the March 3, 2014 order when Plaintiff untimely appealed

4

the termination of support for the minor child on January 27, 2014; (2) finding that Plaintiff's appeal of the minor's emancipation was timely filed when it was filed more than twenty (20) days after the filing of the Order terminating support for the minor child; (3) finding that Plaintiff could appeal a final order of Court by filing an appeal to the Office of Domestic Relations, rather than filing a Complaint for Modification. As all of these arguments fail for the same reason, they are addressed collectively. Appellant asserts his arguments based upon Pa.R.C.P. 1910.11 governing Office Conference and Subsequent Proceedings. Pursuant to this rule, the Domestic Relations Office is directed to hold a conference in order to collect income information and determine a calculation for a support order. If no agreement is reached at the conference, an interim order is issued from which a party has 20 days to appeal. If a party fails to appeal within 20 days, the order becomes final. However, the present case and controversy developed, not from a Conference, but rather as a result of a termination order issued by the trial court after an emancipation inquiry which is governed by Pa.R.C.P. 1910.19(e) which states that the Domestic Relations Office shall file an emancipation inquiry six (6) months prior to a child's 18th birthday seeking confirmation of the child's birthday, school attendance, residency and special needs and notifying the obligee that, if the notice is not returned in 30 days, the order may be modified or terminated. If the inquiry and notice are not returned, the Domestic Relations Office will automatically terminate the order effective the date of the child's 18th birthday or graduation from high school, whichever occurs last. Further, upon notice to the oblige, with a copy to the obligor, explaining the proposed modification or termination the court may modify or terminate a charging order for support and remit any arrears, all without prejudice, when it appears to the court that: (1) the order is no longer able to be enforced under state law (2) the obligor is unable to pay (sic). The notice shall advise the obligee to contact the Domestic Relations Office within

5

60 days of the date of mailing if he or she wishes to contest the proposed modification or termination.

In the case at bar, DRO sent an initial emancipation inquiry on September 27, 2013 and a final notice approximately thirty (30) days later. (N.T. at 2) When they received no response from Mother/Appellee, DRO sent a 60-day Case Closure form dated December 30, 2014 (*see* Office of Domestic Relations 60-Day Closure) along with an order terminating support dated January 2, 2014. Appellee called DRO on January 3, 2014 after she did not receive any child support payments, and was informed of the order terminating support. At this point, she notified them of her desire to contest that decision, but was directed by DRO to wait until she received the paperwork to officially file the appeal. (N.T. at 8-9) On January 12, 2014, Appellee returned the 60-day notice to DRO with a handwritten statement claiming that she did not receive any of the prior notices or paperwork and that the child was still attending high school, which was received by DRO on January 28, 2014. Appellee filed a demand for a hearing dated 12/20/14[2] which was received by DRO on January 27, 2014. (Order for Court Hearing, 1/28/14) On March 3, 2014, a hearing was held, and the Domestic Relations Officer confirmed that their office did receive proof of enrollment when Appellee filed her appeal. (N.T. at 5)

According to Rule 1910.19(f), Appellee had 60 days from the date of notice of modification or termination or until approximately February 28, 2014 to contest the emancipation determination. Even if, Appellee was limited to 20 days to file an appeal, the Court found Appellee to be within the time frame, as she submitted a handwritten statement of appeal on January 12, 2014 and again on January 20, 2014. Further, Appellee initially indicated her desire to contest the emancipation determination when she spoke with DRO on January 3, 2014,

---

[2] The Court determined that Appellee mistakenly wrote "12" for December instead of "1" for January.

6

and did not file anything until she received the order per DRO's direction. Based upon the relevant testimony from both parties and information from the DRO Officer, the trial court determined Appellee to be credible in her statements that she did not receive the prior inquiries and only upon receiving the notice of termination did she immediately file an appeal and submit proof of school enrollment. (N.T. at 5)

It is within the purview and discretion of the trial court to determine whether or not its own actions were appropriate. In this instance, the trial court found that the January 2, 2014 Order to Terminate Support to be erroneous, as Appellee testified that the child did in fact turn 18 years of age but would not be finishing high school until May 22, 2014. To correct its own error, the trial court subsequently issued an order vacating the termination and reinstating the charging order from August 29, 2009 until May 22, 2014, when the support obligation would terminate due to child's anticipated date of graduation from high school. Moreover, as rule 1910.19(f) affords Appellee a 60 day time period to contest the action, the order of termination was not a final order from which Appellee could file an appeal directly to Superior Court nor was it a final order from which she could have filed a Complaint for Modification.

Appellant also argues that the trial court erred by limiting his testimony at the *de novo* hearing related to the issue of income. The trial court allowed Appellant to testify regarding his current circumstances, but would not allow testimony regarding income or Appellant's ability to pay because the only matter properly before the trial court concerned emancipation of the child; neither party ever petitioned to modify the existing order. Moreover, after brief testimony regarding his current circumstances, Appellant's attorney stated that he had no further testimony from his client.

7

Finally, Appellant argues the Court erred in failing to set a bond amount pursuant to Pa.R.A.P. 1731. According to this rule an order solely for the payment of money shall automatically operate as a supersedeas upon the payment of 120% security except in domestic relations matters. Specifically in Pa.R.A.P. 1731(b), an appeal from a child support matter shall only operate as a supersedeas upon application to and order of the court and the filing of security. The trial court, in its discretion, denied the request for supersedeas. If the court did so in error, then the matter is rendered moot if this Appellate Court agrees with the trial court that Appellant's underlying issues lack merit.

BY THE COURT:

_____
CHRISTOPHER A. HACKMAN, JUDGE

Attest:

Copies to:
    M████ A████, Pro Se (6682 Leapwood Space Enville Rd., Adamsville, Tennessee 38310)
    Michael V. Marinaro, Attorney for Appellant

8